# No. 24-11642-H

# In the United States Court of Appeals for the Eleventh Circuit

CASA EXPRESS CORP.
Judgment Creditor/Appellant,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, et al.
Judgment Debtor/Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:21-CV-23103-BB
Hon. Beth Bloom, Presiding

## INITIAL BRIEF OF CASA EXPRESS CORP.

Jeffrey J. Molinaro
Miguel J. Chamorro
FUERST ITTLEMAN DAVID & JOSEPH
9100 South Dadeland Blvd.
Suite 1610
Miami, FL 33156
305.350.5690 (o)
305.371.8989 (f)
jmolinaro@fidjlaw.com
mchamorro@fidjlaw.com
*Attorneys for Casa Express Corp.*

*Casa Express Corp. v. Bolivarian Republic of Venezuela, et al.*
Case No. 24-11642-H

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Cir. R. 26.1, counsel for Casa Express Corp. hereby certifies that to the best of counsel's knowledge the following is a full and complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Black Srebnick Kornspan & Stumpf (Counsel for Respondents/Appellees)

2. Bloom, Hon. Beth U.S. District Court Judge, Southern District of Florida

3. Bolivarian Republic of Venezuela (Judgment Debtor/Appellee)

4. Casa Express Corp. (Appellant/Judgment Creditor)

5. Casa Express Trust (Interested Party)

6. Cedeno, Alejandro Andrade (Respondent/Appellee)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

7.   Chamorro, Miguel (Counsel for Appellant)

8.   Collins Apt. 4401, LLC (Third Party Defendant)

9.   Dunlap, Robert Tully (Counsel for Respondents)

10.  Fisher Isl. 7043, LLC (Third-Party Defendant)

11.  Freedman Normand Friedland LLP (Counsel for Respondents)

12.  Fuerst Ittleman David & Joseph (Counsel for Appellant)

13.  Gamardo, Andres (Trial Counsel for Casa Express Corp.)

14.  Gamardo, P.A. (Trial Counsel for Casa Express Corp.)

15.  Gorrin Belisario, Raul (Respondent/Appellee)

16.  Guerrero, Lisandro (Counsel for Respondents/Appellees)

17.  Guillen, Claudia Patricia Diaz (Respondent/Appellee)

18.  Lankford & Reed PLLC (Counsel for Appellees)

19.  Molinaro, Jeffrey J. (Counsel for Appellant)

20.  Otazo-Reyes, Hon. Alicia U.S. Magistrate Judge, Southern District
     of Florida

21.  Patricios, Leon Nicholas (Counsel for Third-Party Defendants)

22.  Planet 2 Reaching, Inc. (Respondent/Appellee)

23.  Posh 8 Dynamic, Inc. (Respondent/Appellee)

24.  Reed, Terrance G. (Counsel for Appellees)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

25.   RIM Group Investments Corp. (Respondent/Appellee)

26.   RIM Group Investments I Corp. (Respondent/Appellee)

27.   RIM Group Investments II Corp. (Respondent/Appellee)

28.   RIM Group Investments III Corp. (Respondent/Appellee)

29.   Srebnick, Howard Milton (Counsel for Respondents/Appellees)

30.   Zumpano Patricios, P.A. (Counsel for Third Party Defendants)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## STATEMENT REGARDING ORAL ARGUMENT

This case presents a series of issues of first impression for this Court including:

Whether a plaintiff is required to establish that the defendant profited in order to sufficiently allege that the defendant engaged in a business venture under § 48.193(1)(a)(1), Florida Statutes, such that personal jurisdiction can attach.

Whether Florida law prohibits a judgment creditor from standing in the shoes of a judgment debtor to prosecute claims of the judgment debtor against third parties solely on the grounds that the judgment debtor is a foreign sovereign.

Whether the "commercial activity" exception to the Foreign Sovereign Immunity Act applies where the sovereign uses the property at issue in commercial activity after commencement of litigation.

Whether the lower court erred in finding that it was prohibited under 31 C.F.R. § 591.202 from extending *lis pendens* because Appellant does not presently have an OFAC license where the regulation contemplates a process by which a transfer can be commenced prior to

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

obtaining a license and where OFAC has found that the litigation itself did not require a license to continue.

Due to the unique facts and complex legal issues on appeal, including the presence of numerous issues of first impression, oral argument would assist this Court's understanding of the issues presented.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ............................................................. C-1

STATEMENT REGARDING ORAL ARGUMENT ................................. i

TABLE OF CONTENTS ............................................................... iii

TABLE OF CITATIONS ............................................................... vi

STATEMENT OF JURISDICTION ..................................................xiii

STATEMENT OF THE ISSUES .......................................................... 1

STATEMENT OF THE CASE ............................................................. 2

    I.    PROCEDURAL HISTORY AND COURSE OF PROCEEDINGS. ................. 2

    II.    STATEMENT OF FACTS ..................................................... 5

        A.    Casa's Amended Motion for Proceedings Supplementary. ......... 5

            1.    The scheme to misappropriate Venezuelan funds using bribery-induced preferential contracts for exclusive foreign currency exchange. ..................................... 6

            2.    Gorrin's investment of misappropriated funds into the Properties via Shell Entities and his attempts to sell and rent the Properties. ................................................. 9

            3.    Casa seeks a constructive trust over the Properties. ........... 11

        B.    Casa seeks Venezuelan approval to execute on the Properties. Venezuela issues written non-objections and approvals to proceed. ................................................. 12

        C.    Default final judgments are entered against Andrade and Diaz. A partial default final judgment was entered against Venezuela. ................................................................. 12

        D.    Gorrin and Shell Entities Respond to the Notices to Appear. ...................................................................... 13

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

E.   The District Court's ruling on connexity between the misappropriated funds and the Properties and its related rulings on personal jurisdiction and Casa's ability to establish a constructive trust claim. .........................................14

F.   The other bases for the granting of Appellees' motions for judgment on the pleadings. .....................................17

  1.   Service of process; Casa's cross-motion for e-mail service. ...17

  2.   Standing ...................................................18

  3.   FSIA ........................................................20

  4.   Act of State Doctrine ..........................................21

  5.   Ancillary Jurisdiction ..........................................22

G.   The denial of an extension of the *lis pendens*. .........................24

III.   STANDARD OF REVIEW ...............................................25

SUMMARY OF ARGUMENT ....................................................27

ARGUMENT ....................................................................29

I.   A QUESTION OF MATERIAL FACT REMAINS AS TO CONNEXITY BETWEEN THE MISAPPROPRIATED FUNDS AND THE PROPERTIES. ....29

II.   THE DISTRICT COURT HAS PERSONAL JURISDICTION OVER GORRIN. ..................................................................35

A.   Gorrin's declaration fails to rebut Casa's allegations. .............36

B.   Establishing profitability is not required to allege that Gorrin carried on a business venture. ....................................38

C.   To the extent connexity between the misappropriated funds and the Properties is required to establish specific jurisdiction, a question of material fact remains precluding judgment on the pleadings. .....................................40

D.   Due process is not offended. ....................................42

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

III. THE DISTRICT COURT ERRED IN DENYING CASA'S MOTION FOR EMAIL SERVICE. ................................................................44

IV. CASA HAS STANDING ......................................................................44

V. THE PROPERTIES ARE NOT IMMUNE FROM EXECUTION AND ATTACHMENT UNDER FSIA BECAUSE THEY WERE USED IN COMMERCIAL ACTIVITY. ............................................................49

    A. Commercial use under § 1610(a) can occur after a case's inception .................................................................................50

    B. Venezuela's actions in authorizing Casa to seek a constructive trust on the Properties and pledge for execution constitutes commercial activity. ...........................52

VI. AS PLED, THE ACT OF STATE DOCTRINE DOES NOT BAR LITIGATION ........................................................................................60

VII. *PEACOCK* DOES NOT BAR ANCILLARY JURISDICTION BECAUSE THE PROPERTIES ARE ALLEGED TO BE ILLEGITIMATELY HELD BY APPELLEES. ........................................................................................63

VIII. THE DISTRICT COURT ERRED IN NOT EXTENDING THE *LIS PENDENS*. ..........................................................................................66

CONCLUSION ..............................................................................................69

CERTIFICATE OF COMPLIANCE ..........................................................70

CERTIFICATE OF SERVICE ......................................................................70

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# TABLE OF CITATIONS

## Cases

*Aaron v. Allstate Ins. Co.*
  559 So.2d 275 (Fla. 4th DCA 1990) ..................................................... 48

*Abdulaziz v. Metro, Dade County*
  741 F.2d 1328 (11th Cir. 1984) ........................................................... 52

*\*Acquadro v. Bergeron*
  851 So.2d 665 (Fla. 2003) ................................................................... 37

*Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*
  475 F.3d 1080 (9th Cir. 2007) ............................................................ 59

*Antonio Caballero v. FARC*
  No. 18-CV-25337 (S.D. Fla.) ................................................................ 4

*Bartlett v. Baasiri*
  81 F.4th 28 (2d Cir. 2023) ................................................................... 51

*Beefy King Int'l, Inc. v. Veigle*
  464 F.2d 1102 (5th Cir. 1972) ............................................................ 26

*Bell v. Smith*
  32 So.2d 829 (Fla. 1947) ..................................................................... 62

*Bender v. CenTrust Mortg. Corp.*
  51 F.3d 1027 (11th Cir. 1995) ............................................................ 30

*\*Celestin v. Caribbean Air Mail, Inc.*
  30 F.4th 133 (2d Cir. 2022) .......................................................... 60, 61

*\*Centerstate Bank Cent. Florida, N.A. v. Krause*
  87 So.3d 25 (Fla. 5th DCA 2012) ....................................................... 67

*Centrust Sav. Bank v. Barnett Banks Trust Co., N.A.*
  483 So.2d 867 (Fla. 5th DCA 1986) ................................................... 63

*\*Chiusolo v. Kennedy*
  614 So.2d 491 (Fla. 1993) ................................................................... 67

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*City of Tuscaloosa v. Harcros Chemicals, Inc.*
158 F.3d 548 (11th Cir. 1998) ..................................................... 34

*Connecticut Bank of Commerce v. Rep. of Congo*
309 F.3d 240 (5th Cir. 2002) ...................................................... 60

*Connelly v. Fla. Nat'l Bank of Jacksonville*
120 So.2d 647 (Fla. 2d DCA 1960) ............................................. 62

*Cooter & Gell v. Hartmarx Corp.*
496 U.S. 384 (1990) ............................................................ 26, 44

*Cowan Liebowitz & Latman, P.C. v. Kaplan*
902 So.2d 755 (Fla. 2005) ........................................................... 47

*Craft v. Craft*
757 So.2d 571 (Fla. 4th DCA 2000) ....................................... 47, 48

*Crystallex International Corp. v. Bolivarian Republic of Venezuela*
333 F.Supp.3d 380 (D. Del. 2018), *affirmed* 932 F.3d 126 (3d Cir. 2019) ........................................................................................... 64

*Crystallex International Corp. v. Bolivarian Republic of Venezuela*
No. 17-151, 2022 WL 611586 (D. Del. March 2, 2022) ...................... 69

*Does 1-254 v. Chiquita Brands International, Inc.*
No. 20-14238, 2021 WL 4204808 (11th Cir. Sept. 16, 2021) .............. 30

*Dowdy v. Charter Financial Group, Inc.*
122 F.Supp.2d 1347 (M.D. Fla. 2000) ........................................... 67

*ECB, USA, Inc. v. Chubb Ins. Co. of New Jersey*
587 F.Supp.3d 1205 (S.D. Fla. 2021) ........................................... 48

*Florida West Realty Partners, LLC v. MDG Lake Trafford, LLC*
975 So.2d 479 (Fla. 2d DCA 2007) ............................................... 26

*Future Technology Today, Inc. v. OSF Healthcare Systems*
218 F.3d 1247 (11th Cir. 2000) ................................................... 41

*Gambone v. Lite Rock Drywall*
288 Fed.Appx. 9 (3d Cir. 2008) ................................................... 65

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Gen. Guaranty Ins. Co. of Fla. v. DaCosta*
  190 So.2d 211 (Fla. 3d DCA 1966)...............................................46, 47

*Ghahan, LLC v. Palm Steak House, LLC*
  No. 12-80762-CV, 2020 WL 13862078 (S.D. Fla. Nov. 19, 2020)........35

*Ginsberg v. Lennar Fla. Holdings, Inc.*
  645 So.2d 490 (Fla. 3d DCA 1994).......................................................49

*Goya Foods, Inc. v. Unanue*
  233 F.3d 38 (1st Cir. 2000) ..................................................................30

*Guevara v. Republic of Peru*
  129 F.3d 543 (11th Cir. 1997)........................................................56, 57

*Hillsborough Cnty. v. Dickenson*
  169 So. 734 (Fla. 1935)..........................................................................46

*Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*
  129 F.3d 543 (11th Cir. 1997)........................................................56, 57

*Horsley v. Rivera*
  292 F.3d 695 (11th Cir. 2002)..............................................25, 26, 35

*In re Financial Federated Title and Trust, Inc.*
  347 F.3d 880 (11th Cir. 2003)..............................................................30

*International Underwriters AG v. Triple I: International
  Investments, Inc.*
  No. 06-80966, 2007 WL 9701852 (S.D. Fla. May 30, 2007) ...............37

*Labbee v. Harrington*
  913 So.2d 679 (Fla. 3d DCA 2005)........................................38, 39, 40

*Lamb v. Phillip Morris, Inc.*
  915 F.2d 1024 (6th Cir. 1990)..............................................................61

*Louis Vuitton Malletier, S.A. v. Mosseri*
  736 F.3d 1339 (11th Cir. 2013)......................................36, 37, 43, 44

*Madara v. Hall*
  916 F.2d 1510 (11th Cir. 1990)....................................................36, 38

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Marcucci v. Hardy*
  65 F.3d 986 (1st Cir. 1995) ................................................... 30

*Nat'l Mar. Servs. Inc. v. Straub*
  776 F.3d 783 (11th Cir. 2015) .................................... xiii, 64, 65

*Peacock v. Thomas*
  516 U.S. 349 (1996) ................................................... 22, 63

*Perez v. Wells Fargo, N.A.*
  774 F.3d 1329 (11th Cir. 2014) .................................... 26, 55

*Prewitt Enterprises, Inc. v. OPEC*
  353 F.3d 916 (11th Cir. 2003) .................................... 26

*Puzzo v. Ray*
  386 So.2d 49 (Fla. 4th DCA 1980) .............................. 47, 48

*Quinn v. Phillips*
  113 So. 419 (Fla. 1927) ............................................. 62

*Republic of Argentina v. Weltover, Inc.*
  504 U.S. 607 (1992) ................................................... 56, 58

*Restless Media GmbH v. Johnson*
  No. 22-cv-80120, 2023 WL 2836871 (S.D. Fla. Feb. 1, 2023) ........ 48, 49

*Rudd v. General Motors Corp.*
  127 F.Supp.2d 1330 (M.D. Ala. 2001) .............................. 34

*Silverberg v. Paine, Webber, Jackson, & Curtis, Inc.*
  724 F.2d 1456 (11th Cir. 1983) .................................... 63

*State Road Dep't v. Bender*
  2 So.2d 298 (Fla. 1941) ............................................. 48

*Straub v. AP Green, Inc.*
  38 F.3d 448 (9th Cir. 1994) ........................................ 52

*Tavakoli v. Doronin*
  No. 18-21592, 2019 WL 1242669 (S.D. Fla. March 18, 2019) ............ 37

ix

*Thorpe v. Gelbwaks
  953 So.2d 606 (Fla. 5th DCA 2007) .................................................... 37

TIG Ins. Co. v. Republic of Argentina
  967 F.3d 778 (D.C. Cir. 2020) ..................................................... 50, 51

*U.S. v. Benitez
  779 F.2d 135 (2d Cir. 1985) ............................................................. 30

*U.S. v. Lazarenko
  No. 21-10255, 21-10250, 2022 WL 4127712
  (9th Cir. Sept. 12, 2022) ................................................................ 33

*U.S. v. One Parcel of Real Estate at 3229 S.W. 23rd Street, Miami,
  Florida
  768 F.Supp. 340 (S.D. Fla. 1991) ..................................................... 30

United States v. M/Y Galactica Star
  13 F.4th 448 (5th Cir. 2021) ...................................................... 58, 59

USI Properties Corp. v. M.D. Const. Co.
  230 F.3d 489 (1st Cir. 2000) ............................................................ 65

*W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp.,
  Intern.
  493 U.S. 400 (1990) .............................................................. 54, 60, 61

Weber v. Register
  67 So.2d 619 (Fla. 1953) ............................................................ 39, 40

Wright v. Southland Corp.
  187 F.3d 1287 (11th Cir. 1999) ................................................... 32, 34

## Statutes

21 U.S.C. § 853(o) ............................................................................ 33

21 U.S.C. § 853(p) ............................................................................ 33

28 U.S.C. § 1291 ............................................................................ xiii

28 U.S.C. § 1331 ............................................................................ xiii

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

28 U.S.C. § 1605(a)(1)..................................................................xiii

28 U.S.C. § 1605(a)(4)..................................................................xiii

28 U.S.C. § 1610 .......................................................................2, 11

*28 U.S.C. § 1610(a) .......................................................................28

28 U.S.C. § 1610(c) .........................................................................11

28 U.S.C. § 1963 ..........................................................................xiii

False Claims Act 31 U.S.C. § 3729 *et seq*...............................................49

*Fla. Stat. § 49.193(1)(a)(1)..........................................................36, 40

Fla. Stat. § 49.193(1)(a)(2) ..........................................................36, 42

*Fla. Stat. § 56.29........................................................................11, 35

Fla. Stat. § 56.30 ............................................................................35

Florida False Claims Act, Fla. Stat. §§ 68.081-68.092 .............................49

## Rules

Fed R. Civ. P. 12(i) ........................................................................42

Fed. R. Civ. P. 4(f) ....................................................................17, 18

## Regulations

31 C.F.R Part 591...........................................................................66

31 C.F.R. § 591.202 ...........................................................................2

31 C.F.R. § 591.202(a) .....................................................................66

*31 C.F.R. § 591.202(c) ...............................................................68, 69

31 C.F.R. § 591.202(e) ................................................................66, 67

31 C.F.R. § 591.310 ..........................................................................68

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

## Other Authorities

Circumstantial Evidence
  *Black's Law Dictionary* 243 (6th ed. 1990)..........................................34

Direct Evidence
  *Black's Law Dictionary* 460 (6th ed. 1990)..........................................32

*Guidelines for Processing Proposals from Creditors
  of the Venezuelan Public Sector to Sue Holders of
  Assets Obtained by Acts of Corruption
  Official Legislative Gazette of the National Assembly No. 57
  (Feb. 21, 2022)......................................................................................52

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# STATEMENT OF JURISDICTION

The District Court had jurisdiction pursuant to its ancillary jurisdiction. *See Nat'l Mar. Servs. Inc. v. Straub*, 776 F.3d 783, 786-788 (11th Cir. 2015). The lower court also had jurisdiction pursuant to 28 U.S.C. §§ 1331; 1605(a)(1),(4); 1610(c) and 1963. This Court has jurisdiction to review final orders entered by the District Court pursuant to 28 U.S.C. § 1291.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# STATEMENT OF THE ISSUES

The following issues are presented:

- Whether Casa Express Corp. ("Casa") sufficiently alleged constructive trust, where the allegations and circumstantial evidence in the exhibits, when taken as true, allege connexity between the misappropriated funds and the Properties alleged to be illegitimately held by Appellees.

- Whether the lower court had personal jurisdiction over Gorrin, where Casa alleged Gorrin engaged in a business venture in Florida by renting real properties and a question of material fact remains as to whether the misappropriated funds were used to purchase those properties.

- Whether Casa lacks standing to bring these supplemental proceedings and stand in the shoes of Venezuela to prosecute claims of Venezuela against third parties such that assets recovered could be used to satisfy Casa's judgment against Venezuela on the grounds that Venezuela is a foreign sovereign.

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

- Whether the Properties were used in "commercial activity" such that they are not immune from attachment and execution under 28 U.S.C. § 1610 of the Foreign Sovereign Immunity Act.

- Whether ancillary jurisdiction exists over supplemental proceedings brought by Casa against Appellees alleged to be holding Venezuelan assets illegitimately, where the relief sought is solely directed at those illegitimately held assets.

- Whether the District Court erred in finding that 31 C.F.R. § 591.202 prohibited it from extending *lis pendens* because Appellant lacks an OFAC license, where the regulation provides that actions constituting property transfers can be commenced before obtaining a license and OFAC has opined that Casa did not need a license to commence the litigation below.

## STATEMENT OF THE CASE

### I.  PROCEDURAL HISTORY AND COURSE OF PROCEEDINGS.

Casa holds a judgment entered against Venezuela in the Southern District of New York for its non-payment of sovereign bonds. DE 60-4:2-3, DE 1.[1]

---

[1]  Record citations are formatted: Docket Entry: Page|Line/Paragraph (if applicable).

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

This case stems from Casa's attempt to satisfy this judgment via proceedings supplementary initiated against Appellees:

- Alejandro Andrade Cedeno ("Andrade") and Claudia Patricia Diaz Guillen ("Diaz")—federally-convicted and indicted individuals found to have committed fiduciary breaches and to be unjustly enriched with misappropriated assets of Venezuela;

- Raul Gorrin Belisario ("Gorrin")—a federally-indicted, OFAC specifically designated national, who bribed these officials to knowingly obtain hundreds of millions in misappropriated gains; and

- Shell Entities[2]—OFAC-blocked shell companies used by Gorrin to convert these funds into eight real properties ("Properties")[3]

---

[2] The "Shell Entities" collectively refer to Appellees: Planet 2 Reaching, Inc.; Posh 8 Dynamic, Inc.; RIM Group Investments Corp.; RIM Group Investments I Corp.; RIM Group Investments II Corp.; and RIM Group Investments III Corp.

[3] The eight properties are: i) 144 Isla Dorada Blvd., Coral Gables, FL 33143; ii) 18555 Collins Ave., Unit 4401, Sunny Isles Beach, FL 33160; iii) 7043 Fisher Island Dr., Unit 7043, Fisher Island, FL, 33109; iv) 4100 Salzedo St., Unit 1010, Coral Gables, FL 33146; v) 4100 Salzedo St. Unit 608, Coral Gables, FL 33146; vi) 4100 Salzedo St., Unit 807, Coral Gables, FL 33146; vii) 4100 Salzedo St., Unit 813, Coral Gables, FL 33146; and viii) 4100 Salzedo St., Unit 913, Coral Gables, FL 33146. DE 60:21-24; 60-16 to 60-23.

Third parties obtained title to the Collins Avenue and Fisher Island properties at a marshal's sale conducted in *Antonio Caballero v. FARC,*

3

located in the Southern District of Florida that are the subject of the supplementary proceeding.

DE 1; 1-1:2-3; 3; 60; 60-1 to 60-23; 62.

Casa registered its judgment in the Southern District of Florida and filed its Ex Parte Motion to Commence Proceedings Supplementary. DE 1; 1-1; 3. This motion was granted and statutory notices to appear were issued to Appellees. DE 4; 6-15.

Casa then filed its Amended Ex Parte Expedited Motion to Commence Proceedings Supplementary. DE 42; 59; 60; 62. Statutory notices to appear were re-issued to Appellees. DE 63-73.

Default final judgments were entered against Andrade and Diaz. DE 216; 219.

After responding, Gorrin and the Shell Entities separately moved for judgment on the pleadings. DE 127; 231; 232. Casa cross-moved to serve Gorrin via email. DE 253. Full briefing occurred and the motions

---

No. 18-CV-25337 (S.D. Fla.). As a result, Casa moved for and was granted the right to implead the third parties. DE 126. Third parties moved to vacate the order granting the motion to implead and to dismiss. DE 158. The Magistrate recommended the third parties' motion be stayed pending further proceedings in *Caballero*; this recommendation was adopted. DE 182; 202.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

were referred to the Magistrate. DE 148; 231; 232; 251; 252; 253; 255; 256. A hearing was held on November 13, 2023. DE 267. The Magistrate entered a Report and Recommendation recommending that Gorrin's motion be granted, the Shell Entities' motion be granted in part, and that Casa's motion to serve be granted. DE 262. Objections were filed. DE 276; 281.

Casa placed *lis pendens* on the Properties it sought a constructive trust over. DE 132-139. Casa sought to extend these lis pendens. DE 222. Full briefing occurred and the motion was referred to the Magistrate. DE 148; 222; 227; 229; 236. A hearing was held on October 5, 2023. DE 261. The Magistrate denied Casa's motion. DE 241. Casa appealed to the District Judge. DE 257; 268.

On April 24, 2024, the District Court entered its Omnibus Order adopting in part the Magistrate's Report and Recommendation and affirming the Magistrate's order denying the extension of *lis pendens*. DE 283. This appeal followed. DE 284.

## II. STATEMENT OF FACTS

### A. Casa's Amended Motion for Proceedings Supplementary.

Casa's Amended Motion sought a constructive trust in favor of Venezuela over the Properties purchased by Gorrin through the Shell

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Entities and explained that, as judgment creditor, Casa was entitled to execute against the Properties in partial satisfaction of its judgment against Venezuela. DE 60:2. Casa detailed how Andrade, Diaz, and Gorrin utilized a corrupt foreign currency exchange scheme to misappropriate millions of dollars from the Venezuelan government, how Gorrin obtained those funds with knowledge and converted these ill-gotten gains into the Properties through the Shell Entities, and how those Properties were either rented or listed for sale in an attempt to profit. DE 60:4-12.

1. **The scheme to misappropriate Venezuelan funds using bribery-induced preferential contracts for exclusive foreign currency exchange.**

For years, officials and insiders of the Chavez and Maduro regimes enriched themselves via illicit schemes, including the misappropriation of Venezuelan funds through the conversion of Venezuelan bolivars to US dollars. DE 60:4; 60-4:2.

The Oficina Nacional del Tesoro ("ONT") is the Venezuelan National Treasury and is responsible for managing the country's public finances. DE 60:4; 60-5:2-3; 60-6:2. ONT sold Venezuelan bonds denominated in foreign currencies to meet its funding obligations. DE 60:5; 60-6:3.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

As Venezuelan National Treasurer, Andrade, and later Diaz, determined where the funds generated from bond sales would be exchanged to bolivars. DE 60:5; 60-5:3; 60-6:3. These exchanges occurred at either the Venezuelan National Bank or via ONT-approved "*casa de bolsa*"—private currency exchanges converting at the preferential government exchange rate via government contract. *Id.*

The *casas de bolsa* had access to the parallel "black market" exchange, which provided for a much higher exchange rate than the preferential government rate. DE 60:5; 60-5:3. The exchanges sold dollars for bolivars at these higher black-market rates and retained massive profits from the spread. DE 60:5; 60-5:3; 60-6:3. Only ONT-approved *casas de bolsa* could conduct these exchanges with the Venezuelan government. DE 60:5; 60-5:3.

Gorrin controlled an ONT-approved *casa de bolsa*. DE 60:5; 60-5:3. Between 2008 and 2017, Gorrin paid millions of dollars in bribes to Andrade and Diaz while each served as treasurer to secure currency exchange contracts that resulted in Gorrin profiting by hundreds of millions of dollars. DE 60:5; 60-5:3-4; 60-12:4; 60-13. Gorrin and an

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

associate laundered the misappropriated funds to facilitate the bribery payments.[4] DE 60:6; 60-7:2-3; 60-9:2; 60-12:5.

Under Venezuelan law, Andrade and Diaz owed fiduciary obligations to Venezuela as treasurer and in overseeing ONT. DE 60:5-8. In reliance upon their fiduciary responsibilities, Venezuela entrusted each with access to sovereign funds in ONT accounts. DE 60:14-16; 60-5; 60-6:2-3. In breach of these duties, each accepted bribes from Gorrin. DE 60-14-16; 60-6; 60-8; 60-11; 60-12; 60-13. Andrade's and Diaz's fiduciary breaches directly and proximately damaged Venezuela. DE 60:7; 60-5:2-8; 60-10.

Andrade and Diaz conferred a benefit on Gorrin by letting him conduct this illicit currency exchange with sovereign funds. DE 60:15. Gorrin knowingly and voluntarily accepted these benefits which allowed Gorrin to misappropriate billions of dollars through the currency exchange scheme. DE 60-14-16; 60-6; 60-8; 60-11; 60-12; 60-13. Andrade, Diaz, and Gorrin were unjustly enriched at the expense of Venezuela and her people. DE 60:6, 14-16, 60-5:1-2.

---

[4]     Jimenez—a non-party—was Gorrin's associate and was convicted and sentenced to three-years in prison for conspiracy to commit money laundering DE 60-9; 60-10.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Because Gorrin obtained these misappropriated funds with actual knowledge of the breaches of trust committed by Andrade and Diaz, he—and the Shell Entities which he controls—operate as trustees *ex maleficio* over the fruits of these misappropriated funds. DE 60:16.

Ultimately, Andrade, Diaz, and Gorrin were prosecuted by the US government. DE 60:6-8. Andrade pled guilty to accepting over $1 billion in bribes and is serving a ten-year prison sentence. DE 60:6; 60-8:2. Both Diaz and Gorrin have been indicted. DE 60-7: 60-11; 60-12.

## 2. Gorrin's investment of misappropriated funds into the Properties via Shell Entities and his attempts to sell and rent the Properties.

On January 8, 2019, OFAC designated Gorrin on the Specially Designated Nationals and Blocked Persons List for his role in the currency exchange scheme. DE 60:8, 60-5:2; 60-13:2; 60-14. OFAC found that Gorrin invested the misappropriated funds in "domestic and international property" through a network of corporate entities and structures to obfuscate the beneficial ownership of the assets. DE 60:8,20-21; 60-5:6-8; 60-13:2; 60-14:9. This network included Shell Entities. DE 60-5:6-7. Shell Entities were also designated and blocked by OFAC for being owned or controlled by Gorrin and for their use in obscuring the misappropriated assets. DE 60:8-9; 60-5:6-7; 60-14:10. As

9

a result of OFAC's designation, any property owned by Shell Entities subject to US jurisdiction is blocked. DE 60-5:7.

A subsequent independent investigation conducted by Certified Fraud Examiner and Certified Forensic Interviewer, Nelson Luis, established that Shell Entities acquired the Properties since 2008—each located in the Southern District of Florida. DE 60:9-10, 21-22; 60-14:9-10, 12-13. Some of the Properties were also listed as substitute properties subject to forfeiture in Gorrin's Superseding Indictment. DE 60-12:19-20; DE 60-14:11; DE 60:10.

Based on a review of OFAC's findings, Department of Justice press releases, the Superseding Indictment against Gorrin, the factual proffers of convicted felons Andrade and Jimenez, and the property records, Luis concluded that Shell Entities secured the Properties with misappropriated funds. DE 60:24-25; 60-14:11,22; 60-5; 60-6; 60-7; 60-9; 60-12; 60-13.

Through the Shell Entities, Gorrin operated, conducted, engaged in, or carried on a business venture in Florida. Casa established that Shell Entities rented the Properties to generate monthly cashflow and listed them for sale for the purpose of realizing a profit. DE 60:11; 60-1.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Casa alleged that Gorrin managed this real estate venture. DE 60:11-12; 60-2; 60-3; 60-12:2. Additionally, the Superseding Indictment extensively details the actions taken in the Southern District of Florida to facilitate the misappropriation scheme. DE 60:12.

### 3. Casa seeks a constructive trust over the Properties.

Since misappropriated Venezuelan funds were used to acquire the Properties, Casa alleged that the Properties are subject to a constructive trust in favor of Venezuela and are subject to execution by Casa pursuant to 28 U.S.C. § 1610(c) and Florida Statute § 56.29.

Casa alleged that pursuant to section 56.29, Florida Statutes, judgment creditors that hold unsatisfied judgments may execute against "any property of the judgment debtor not exempt from execution in the hands of any person[.]" DE 60:27-28; Fla. Stat. § 56.29. Casa further alleged that because the Properties were being used for commercial purposes, they were exempt from immunity and subject to execution under 28 U.S.C. § 1610 of the Foreign Sovereign Immunities Act ("FSIA"). DE 60:25-27.

11

## B. Casa seeks Venezuelan approval to execute on the Properties. Venezuela issues written non-objections and approvals to proceed.

On March 2, 2022, Casa sought Venezuelan approval to seek execution against the Properties pursuant to Venezuelan law passed while the case was ongoing. DE 276:11; 276-3; 276-4.

Venezuela approved Casa's request and issued a Letter of No Objection to OFAC stating that Venezuela did not object to Casa obtaining an OFAC license to execute its judgment "against properties located in the United States of America that were acquired by companies owned or controlled by Raul Gorrin Belisario...." DE 276:12; 276-5; 276-6:2.

## C. Default final judgments are entered against Andrade and Diaz. A partial default final judgment was entered against Venezuela.

Default final judgments were entered against Andrade and Diaz finding that Casa established a breach of fiduciary duty, an unjust enrichment claim, and the elements necessary to impose a constructive trust against both. DE 216, 219.

A partial default final judgment against Venezuela was entered finding that Casa established that the fiscal agency agreements ("FAAs")—which govern the debt securities that form the basis of its judgment against Venezuela—contain a provision entitled "Waiver of

12

Immunity" and that the Southern District of New York ruled that Venezuela "expressly waived its sovereign immunity" in the FAAs. DE 218.

### D. Gorrin and Shell Entities Respond to the Notices to Appear.

Gorrin and Shell Entities filed their affidavit in response to the notices to appear and in opposition to Casa's motion to commence proceedings supplementary. DE 127.

The response asserted numerous affirmative defenses including: i) the Properties are immune from attachment and execution under FSIA, DE 127:3-6; ii) judicial process as to OFAC blocked and licensed assets is null and void where Casa lacks a specific license, *Id.*:6-8; iii) Casa's claims are barred under the Act of State Doctrine, *Id.*:8-9; iv) Casa lacked standing to sue on Venezuela's behalf, *Id.*:9-12; v) Casa failed to state a claim for constructive trust, *Id*:12-14, 17-18; vi) lack of personal jurisdiction over Gorrin, *Id.*:15-16; and vii) lack of ancillary jurisdiction, *Id.*:17.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

**E. The District Court's ruling on connexity between the misappropriated funds and the Properties and its related rulings on personal jurisdiction and Casa's ability to establish a constructive trust claim.**

Throughout the litigation, Appellees contested the connection between the Properties and the misappropriated funds. Appellees raised this issue in its motion to dismiss for lack of personal jurisdiction, in opposition to Casa's motion to extend *lis pendens*, and as grounds for judgment on the pleadings. DE 128; 227; 231; 232.

Gorrin moved to dismiss for lack of personal jurisdiction arguing Casa failed to establish: i) specific jurisdiction under the Florida long-arm statute; and ii) sufficient connexity between Gorrin's misappropriation of funds and the Properties. DE 128:12-13.

Casa responded that Gorrin's declaration failed to rebut the allegations and argued that personal jurisdiction was sufficiently alleged because Gorrin engaged in tortious activity and operated, conducted, engaged in, or carried on a business in Florida. DE 159:12-15; 183:79.

Casa argued it had sufficiently alleged connexity because its allegations and exhibits detail: i) the flow of misappropriated money to Gorrin and then to Shell Entities; ii) the subsequent purchase of the Properties by Shell Entities; and iii) the operation of a business using the

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Properties via their rental and listing for sale. *Id.*; DE 183:79-85. Casa explained that personal jurisdiction would comport with due process. DE 159:15; 183:93-94.

In recommending dismissal without prejudice, the Magistrate found that because the exhibits upon which Casa relied did not specifically state that the Properties were purchased with misappropriated assets, Casa did not sufficiently allege connexity. DE 180:12-13. The District Court did not adopt the Magistrate's recommendation because Gorrin was procedurally barred from moving to dismiss after filing a response to the notice to appear. DE 200.

Appellees relied upon the Magistrate's reasoning in opposing Casa's motion to extend *lis pendens* and in moving for judgment on the pleadings. DE 227:7; 231:18; 232:19. And the Magistrate relied upon her prior finding in denying Casa's motion to extend and in granting Appellees' motions for judgment on the pleadings. DE 241:4-5,8; 262:6-7. The Magistrate found that personal jurisdiction as to Gorrin was lacking and that Casa failed to establish a constructive trust claim. DE 262:9-12,13-4.

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

Casa objected to these findings. DE 276:23-30. Casa explained that the allegations as to tortious acts and carrying on a business venture were unrebutted by Gorrin's affidavit. *Id.*:24-25,28-29. Casa explained that Florida law holds that the renting and listing for sale of property suffices to establish a business venture and that the evidence and allegations demonstrated such actions. *Id.*:25-27.

Casa detailed the evidence in support of allegation that the misappropriated funds were used to obtain the Properties. *Id.*:3-6. Casa argued that the Magistrate improperly discredited the Luis Report's findings and improperly treated the listing of some of the Properties as "substitute" in Gorrin's Superseding Indictment as dispositive of the issue of whether the Properties were secured with misappropriated funds. *Id.*:5-6.

Casa argued that the Magistrate's recommendation amounted to requiring Casa prove connexity by direct evidence at the case's inception, rather than evaluate whether Casa sufficiently alleged such activity. *Id.*:3,27-28.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Casa argued that the Magistrate's finding on due process incorrectly conflated the due process analysis with the long-arm statute analysis. *Id.*:29-30.

The District Court adopted the Magistrate's findings as to connexity over Casa's objections. DE 283:15-19,20-23,45.

## F. The other bases for the granting of Appellees' motions for judgment on the pleadings.

Appellees moved for judgment on the pleadings on the following additional grounds:

### 1. Service of process; Casa's cross-motion for e-mail service.

Gorrin argued that Casa failed to properly effectuate service of process upon him under the Hague Convention and did not seek approval for alternative service under Federal Rule of Civil Procedure 4(f). DE 231:9-16.

Casa responded that it properly served Gorrin in compliance with Chapter 48, Florida Statutes, and that service under the Hague Convention was unavailable because the recognized government of Venezuela[5] had not designated a Central Authority to process

---

[5]    The United States has derecognized Nicolas Maduro's regime as the legitimate government of Venezuela. DE 159-1; 252:3. Instead, the US

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

international service requests. DE 252:2-6. Alternatively, Casa argued it should be authorized to serve Gorrin via e-mail pursuant to Rule 4(f)(3) because Casa's efforts to serve Gorrin at the Central Authority designated by the illegitimate government of Venezuela had been unsuccessful for seven months. DE 252:6-8; 267:4-7.

Gorrin opposed service via email. DE 255:2-5.

The Magistrate found that Casa's service of Gorrin was improper because of a failure to comply with the Hague Convention; however, she recommended granting Casa's cross-motion for service via email. DE 262:8-9,21. Gorrin did not object to this recommendation.

The District Court declined to adopt the Magistrate's recommendation for email service due to a finding that it lacked personal jurisdiction over Gorrin. DE 283:20.

## 2. Standing

Appellees argued Casa lacked standing to sue on Venezuela's behalf. DE 232:4-8. In response, Casa argued that it has standing because Florida's proceedings supplementary process allows judgment creditors to assert claims on behalf of judgment debtors against third

recognizes the 2015 National Assembly of Venezuela as the legitimate government. *Id.*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

parties. DE 251:3-4. Casa further argued that Venezuela expressly authorized it to execute on the Properties. *Id.*:4,6-8. In reply, Appellees argued that such standing is inapplicable because the judgment debtor is a sovereign. DE 256:7-8.

Appellees conceded that proceedings supplementary allow a judgment creditor to commence proceedings against assets of the debtor wherever they are found and allow judgment creditors to go after debtor assets in the hands of third parties. DE 267:51-52, 53|18-24.

Despite these concessions, the Magistrate found that because the judgment debtor was a sovereign, Casa lacked standing to conduct proceedings supplementary. DE 262:15.

Casa objected to this recommendation arguing that Florida precedent recognizes a judgment creditors' right to stand in the shoes of a judgment debtor and assert legal and equitable claims against third parties. DE 276:6-9. Casa detailed the steps taken by Venezuela to assign its litigation claims against the Appellees to Casa. DE 276:9-13.

The District Court adopted the Magistrate's recommendation that Casa lacked standing. DE 283:23-30. The District Court found that Casa may not stand in Venezuela's shoes to assert a personal chose in action

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

of Venezuela to impose the constructive trust because "sensitive sovereign issues…exist here." *Id.*:27. The District Court also found that even accepting the argument that Venezuela assigned the right to sue, such assignment was ineffective to confer standing because it occurred after the case's inception. *Id.*:30.

### 3. FSIA

Appellees argued that the Properties were immune from execution and attachment under FSIA because, even assuming the Properties are Venezuelan assets, they were not used for commercial activity in the United States by Venezuela. DE 232:9-12.

In response, Casa argued that the commercial activity exception under 28 U.S.C. § 1610(a)(1) applied. DE 251:5-11. Venezuela waived sovereign immunity in the agreements that govern the underlying debt securities that form the basis of Casa's judgment. *Id.*:5-6. Further, Venezuela used the Properties in commercial activity by authorizing Casa's lawsuit against Gorrin and Shell Entities and guaranteeing that the Properties, if recovered, would be used to satisfy Casa's judgment in exchange for Casa temporary ceasing other collection attempts. *Id.*:6-8.

The Magistrate found the Properties were immune from execution and attachment under FSIA because i) the agreements waived only

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

immunity from suit not immunity from execution and attachment; and ii) any purported guarantee of the Properties by Venezuela does not constitute "commercial activity" under § 1610. DE 262:16-18. Casa objected to these findings. DE 276:15-18.

The District Court adopted the Magistrate's recommendations finding that: i) agreements alone cannot constitute a waiver of immunity from execution and attachment, DE 283:30-32; ii) that FSIA requires use of the Properties in commercial activity by the foreign state itself to trigger the "commercial activity" waiver, *Id.*:35-36; and iii) Venezuela's act of guaranteeing the Properties is not sufficient "commercial activity" under § 1610, and even if it was, because guaranteeing occurred after suit was filed, it is insufficient to constitute "commercial activity" under the statute. *Id.*:34-36.

### 4. Act of State Doctrine

Appellees argued that Casa's claims were barred by the Act of State Doctrine because resolving the constructive trust issue would require the court examine acts of Venezuelan officials conducted in Venezuela. DE 232:13-14. However, Appellees previously conceded that "[Casa] does not allege that Gorrin owed any fiduciary duties to Venezuela." DE 261:55|6-10.

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

Casa responded that the doctrine does not apply because: i) neither Gorrin nor the Shell Entities are Venezuelan officials; and ii) Casa was not seeking a ruling on the legality of the currency exchange contracts. DE 251:18-19; 276:92|15-19, 97|8-98|1.

The Magistrate found the doctrine applied because any judgment against Gorrin and the Shell Entities required the court to find acts of Venezuelan officials were illegitimate. DE 262:19-20.

In objecting, Casa explained that even when factoring in the default judgments against Andrade and Diaz, no act of state was invalidated. DE 276:18-19. The acts which Casa sought to prove did not require invalidation of the currency exchange contracts; instead, the court only needed to establish that Gorrin received misappropriated funds as a result of bribery and that those funds were used to purchase the Properties. *Id.*

The District Court adopted the Magistrate's recommendation finding it would be required to analyze "whether the Venezuelan contracts can be invalidated" in order to grant Casa relief. DE 283:38-39.

### 5. Ancillary Jurisdiction

Appellees argued that the lower court lacked ancillary jurisdiction pursuant to *Peacock v. Thomas*, 516 U.S. 349 (1996), because Casa

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

sought to impose liability on Appellees for the Venezuelan judgment. DE 232:14-16.

Casa responded that *Peacock* was inapplicable because the doctrine is limited to suits demanding third parties use legitimately held assets to satisfy a judgment while here the Properties are alleged to be illegitimately held by Appellees. DE 251:15. Casa explained it did not seek to hold Appellees personally liable for the judgment against Venezuela. Instead, the action was more akin to a fraudulent transfer action because Casa sought to recover misappropriated assets of Venezuela illegitimately held by Appellees. *Id.*:14-15.

The Magistrate ruled that the court lacked ancillary jurisdiction reasoning that because the action was not a fraudulent transfer action, *Peacock* applied. DE 262:20-21.

Casa objected arguing that the Magistrate's logic was flawed because she based her reasoning on Shell Entities' ownership of the Properties instead of taking as true the allegation Venezuela owned the Properties; thus, Shell Entities were illegitimately holding the Properties and *Peacock* does not apply. DE 276:19-21.

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

The District Court adopted the Magistrate's recommendation. DE 283:40-43.

### G. The denial of an extension of the *lis pendens*.

Casa sought to extend existing *lis pendens* on the Properties through conclusion of the proceedings arguing that a fair nexus between the Properties and the lawsuit existed and there was good cause to extend. DE 222:3-5.

Appellees opposed the extension arguing that there was no fair nexus because of a lack of connexity between the misappropriated funds and the Properties. DE 227:1-7. Appellees also argued that any extension would be null and void under OFAC sanctions regulations because the properties are blocked by OFAC. *Id.*:8.

In reply and at hearing, Casa explained that it was not required to establish a constructive trust—or the connexity necessary for its implementation—to extend the *lis pendens*. Instead, only a fair nexus— which only requires minimal proof to support its claim and a good faith basis—is required. DE 229; 261:39-46.

The Magistrate denied Casa's motion relying upon her prior findings in the unadopted recommendation to dismiss that connexity was

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

lacking. DE 241:8. The Magistrate further found that extending the *lis pendens* would be in contravention of OFAC regulations because the properties are blocked under OFAC sanctions. *Id.*:9-10.

Casa appealed the Magistrate's decision to the District Court judge. DE 257. Casa argued the Magistrate erred in requiring Casa to establish connectivity between the misappropriated funds and the Properties to extend the *lis pendens* and that, in any event, sufficient connectivity was alleged and supported by Casa's evidence. *Id.*:3-9. Casa also argued that OFAC regulations do not prohibit the extension of the already filed *lis pendens*. *Id.*:9-11; DE 257-1.

The District Court denied Casa's appeal. DE 283:43-46.

## III. STANDARD OF REVIEW

This Court reviews *de novo* the District Court's ruling on a motion for judgment on the pleadings. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

"Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Id.* "If a comparison of the averments in the competing pleadings

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quotations omitted).

In determining entitlement to judgment on the pleadings, the court accepts as true all material facts alleged in the nonmoving party's pleading and views those facts in the light most favorable to the nonmoving party. *Id.* Only "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley*, 292 F.3d at 700.

The denial of an extension of a *lis pendens* and motion for alternative service are reviewed for abuse of discretion. *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972); *Prewitt Enterprises, Inc. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003); *Florida West Realty Partners, LLC v. MDG Lake Trafford, LLC*, 975 So.2d 479, 481 (Fla. 2d DCA 2007). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990).

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# SUMMARY OF ARGUMENT

The District Court's errors necessitate reversal because:

*First*, connexity between the misappropriated funds and the Properties is at issue. The District Court confused what must be alleged to establish a constructive trust and what evidence can support such allegations. When the allegations and circumstantial evidence are taken as true and in the light most favorable to Casa, it is inferred that the funds were used to obtain the Properties.

*Second*, the District Court has personal jurisdiction over Gorrin where it was alleged that he engaged in a business venture for the purpose of profit via the rental and listing for sale of the Properties. Alternatively, where a question exists as to connexity that defeats judgment on the pleadings, any grounds for personal jurisdiction based on connexity also survive.

*Third*, where personal jurisdiction exists, the District Court erred in denying Casa's motion for alternative service.

*Fourth*, Casa has standing to pursue a chose in action of Venezuela and no uniquely personal "sensitive sovereign issue" exists limiting that right. Misappropriation is akin to conversion or a tort on property, not a

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

personal tort. Misappropriation and fraud claims are assignable. Moreover, the state and federal governments actively encourage third parties to sue to recover misappropriated government funds.

*Fifth*, the Properties are subject to execution and attachment under 28 U.S.C. § 1610(a) where Venezuela waived immunity from suit and used the Properties in commercial activity via authorizing Casa—in exchange for Casa foregoing other collection attempts until completion of this case—to execute upon them and guaranteeing Casa that, if recovered, they would be used to repay Casa's judgment. That Venezuela's authorization occurred after trial commenced does not negate its commercial use.

*Sixth*, no act of state is being invalidated. Instead, the lower court must examine whether Gorrin is a trustee *ex maleficio* or wrongfully participated in the breaches of trust already found to have occurred. The Act of State Doctrine does not apply.

*Seventh*, ancillary jurisdiction exists where it has been alleged that Appellees illegitimately hold assets which are the sole assets sought via the litigation.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Eighth*, a good faith basis to extend the *lis pendens* exists because connexity has been sufficiently alleged. Further, OFAC regulations provide for retroactive approval of "transfers" that occur prior to the issuance of an OFAC license. Additionally, OFAC found that Casa did not need a license to commence litigation. Thus, judicial process can occur without offending the regulatory scheme.

The case should proceed to discovery and trial.

## ARGUMENT

### I. A QUESTION OF MATERIAL FACT REMAINS AS TO CONNEXITY BETWEEN THE MISAPPROPRIATED FUNDS AND THE PROPERTIES.

Based on the allegations in Casa's motion and the evidence attached thereto, a question of material fact remains as to whether the misappropriated funds were directly or indirectly used to purchase the Properties. Thus, judgment on the pleadings was inappropriate.

The District Court's error stems from confusing what is required to establish a constructive trust and what allegations and evidence is sufficient proof of a constructive trust at this stage of litigation—pre-discovery and on a motion for judgment on the pleadings.

Under Florida law, "courts will impress property with a constructive trust only if the trust res is specific, identifiable property or

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

if it can be clearly traced in assets of the defendant which are claimed by the party seeking such relief." *Bender v. CenTrust Mortg. Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995) (quotations omitted). This tracing can be direct or indirect. *In re Financial Federated Title and Trust, Inc.*, 347 F.3d 880, 892 (11th Cir. 2003).

A constructive trust must be proven by clear and convincing evidence. *Does 1-254 v. Chiquita Brands International, Inc.*, No. 20-14238, 2021 WL 4204808, *2 (11th Cir. Sept. 16, 2021) (citation omitted). However, no rule requires any element—including the tracing requirement—be proven by direct evidence. Instead, circumstantial evidence can be used to allege and prove a constructive trust. *See U.S. v. Benitez*, 779 F.2d 135, 141 (2d Cir. 1985) (imposing constructive trust based on circumstantial evidence); *Marcucci v. Hardy*, 65 F.3d 986, 990 (1st Cir. 1995) (same); *Goya Foods, Inc. v. Unanue*, 233 F.3d 38, 45 (1st Cir. 2000) (same); *U.S. v. One Parcel of Real Estate at 3229 S.W. 23rd Street, Miami, Florida*, 768 F.Supp. 340, 346 (S.D. Fla. 1991) (analyzing circumstantial evidence to determine whether claimant entitled to constructive trust).

Here, Casa's allegations and supporting evidence demonstrate:

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

- Gorrin received tainted funds by bribing Andrade and Diaz to receive preferential currency exchange contracts wherein Gorrin profited from spreads obtained via currency exchange on the black market. DE 60:5-8; 60-5; 60-7; 60-12:3-5.

- Gorrin used these funds to purchase properties via shell companies in the United States. DE 60:8-9 ; 60-5; 60-12:7 60-13.

- Shell Entities are entities which Gorrin controlled and used to obfuscate ownership of properties purchased. DE 60:8; 60-5.

- Shell Entities purchased the Properties in South Florida during the period Gorrin was operating his scheme. DE 60:9; 60-14:12-13; 60-16 to 60-23.

Phrased differently, Casa alleged that based on OFAC reports, press releases, federal criminal indictments, factual proffers, and the Luis Report i) Andrade, Gorrin, and Diaz knowingly misappropriated millions from Venezuela; ii) Gorrin funneled those proceeds to Shell Entities; iii) Shell Entities secured, owned, and controlled the Properties; and iv) Gorrin subjected himself to the personal jurisdiction of Florida through the rental and attempted sale of the Properties. DE 60. Based on this evidence, Casa alleged—and its expert Luis concluded—the

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Properties were purchased with funds misappropriated by Gorrin. DE 60:11; 60-14:11.

The District Court found that Casa did not demonstrate connexity between the misappropriated funds and the Properties for three reasons. First, the OFAC findings did not expressly list the Properties. DE 283:20-23; 262:13-14. Second, Gorrin's Superseding Indictment lists seven of the eight Properties as "substitute" properties for forfeiture. *Id.* Third, Luis's expert report does not cure these deficiencies. This analysis is flawed. *Id.*

An OFAC finding that directly links the funds to the Properties would be *direct evidence* of connexity. *See Wright v. Southland Corp.*, 187 F.3d 1287, 1293 (11th Cir. 1999) (defining "direct evidence" as "'evidence, which if believed, proves existence of fact in issue without inference or presumption'") (quoting *Black's Law Dictionary* 460 (6th ed. 1990). While helpful, direct evidence is not required.

As to the listing of some Properties as "substitute", the error is twofold. One, the District Court treated the listing of the Properties as "substitute" as conclusive proof of no connexity. This is flawed because the Government can reclassify "substitute" property as "tainted" property—*i.e.*, derived directly or indirectly from Gorrin's criminal

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

conduct—in subsequent civil forfeiture proceedings without offending 21 U.S.C. § 853(p). *U.S. v. Lazarenko*, No. 21-10255, 21-10250, 2022 WL 4127712, *2 (9th Cir. Sept. 12, 2022) (rejecting argument that "substitute" property under 21 U.S.C. § 853(p) cannot be property derived directly or indirectly from the defendant's criminal conduct). The criminal forfeiture provisions are liberally construed to allow for the forfeiture of property classified as substitute "whether it is tainted or not." *Id.* at*1; 21 U.S.C. § 853(o). Thus, because reclassification is possible, the mere listing of some of the Properties as "substitute" is not dispositive.

Two, not all the Properties are listed as "substitute" in the indictment. The Fisher Island Property is not listed. At a minimum, the indictment has no bearing on that property.

As to Luis's Report, the District Court errs for similar reasons as its finding concerning the OFAC reports. The District Court required Luis to rely on *direct evidence* to support his conclusion that the Properties were secured with misappropriated funds and required that Luis's report constitute *direct evidence* of connexity. Both bases are incorrect.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Experts can rely upon circumstantial evidence. "Inference chains built upon such circumstantial evidence are a well-established feature of admissible expert testimony." *Rudd v. General Motors Corp.*, 127 F.Supp.2d 1330, 1343 (M.D. Ala. 2001) (collecting cases). "[C]ontrary to [Appellees'] contention, the fact that much of [Luis's] data constitutes circumstantial evidence does not of itself detract from [its] substantiality." *Id.*

Further, an expert report can be circumstantial evidence to support a theory. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir. 1998) (lower court erred where it required expert's data and testimony "show a successful conspiracy" to be admissible). "As circumstantial evidence, [Luis's] data and testimony need not prove [Casa's] case by themselves; they must merely constitute one piece of the puzzle that [Casa] endeavor[s] to assemble before the jury." *Id.*

Circumstantial evidence is "'evidence of facts or circumstances from which the existence or nonexistence of fact in issue may be inferred.'" *Wright*, 187 F.3d at 1293-1294 (quoting *Black's Law Dictionary* at 243). These facts, when taken as true and in the light most favorable to Casa, would allow a jury to infer that Gorrin was at worst a trustee *ex maleficio*

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

controlling companies that hold Properties that were secured through misappropriated funds. These allegations are sufficient to allege that a constructive trust should be issued over the Properties on Venezuela's behalf such that Casa could seek to execute on the Properties to partially satisfy its judgment. To the extent Casa needs additional proof of the link to ultimately establish a constructive trust, such proof will be the product of discovery. *See Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CV, 2020 WL 13862078, *2 (S.D. Fla. Nov. 19, 2020) ("discovery is permitted in proceedings supplementary"); Fla. Stat. §§ 56.29(2), 56.30(1).

*Direct evidence* of connexity is not required. When the circumstantial evidence is taken as true and in the light most favorable to Casa, it cannot be said the Casa would not be entitled to relief under any set of facts that could be proved consistent therewith. *Horsley*, 292 F.3d at 700.

## II.   THE DISTRICT COURT HAS PERSONAL JURISDICTION OVER GORRIN.

Casa alleged two bases for personal jurisdiction over Gorrin under the Florida long-arm statute: i) Gorrin carried on a business venture in Florida by using Shell Entities to rent and list for sale the Properties;

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

and ii) Gorrin committed a tort in Florida through his knowing participation in a breach of trust by Andrade and Diaz. DE 60; Fla. Stat. §§ 49.193(1)(a)(1), (1)(a)(2). The District Court erred in finding personal jurisdiction was lacking.

## A. Gorrin's declaration fails to rebut Casa's allegations.

Casa bears the initial burden of establishing a *prima facie* case of personal jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). When determining whether Casa sufficiently alleged personal jurisdiction, "the district court must accept the facts alleged as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"When a defendant challenges personal jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Louis Vuitton*, 736 F.3d at 1350 (quotations omitted). "The burden, however, does not shift back to the plaintiff when the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* (quotations omitted).

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

General denials of wrongdoing are considered legal conclusions which do not shift the burden back to plaintiff. *See Acquadro v. Bergeron*, 851 So.2d 665, 672-673 (Fla. 2003); *Thorpe v. Gelbwaks*, 953 So.2d 606, 610 (Fla. 5th DCA 2007); *International Underwriters AG v. Triple I: International Investments, Inc.*, No. 06-80966, 2007 WL 9701852, *5 (S.D. Fla. May 30, 2007); *Tavakoli v. Doronin*, No. 18-21592, 2019 WL 1242669, *9 (S.D. Fla. March 18, 2019). Instead, affidavits "must contain specific factual declarations within the affiant's personal knowledge." *Louis Vuitton*, 736 F.3d at 1351.

Casa presented facts, when taken as true, that establish two bases for jurisdiction under Florida's long-arm statute. *See* §§ II (B), (C), *supra*.

In support of his motion, Gorrin filed a conclusory declaration stating:

> I deny the allegations in the press release (DE 60-5) and the Expert Report of Nelson Luis (DE 60-14) referenced in and attached to Casa Express's Ex Parte Expedited Motion (DE 60)...."

DE 127-2:1.[6]

Gorrin's declaration does not address the allegations concerning carrying on a business venture or tortious conduct at all; instead, it is a

---

[6]     The remainder of this paragraph was stricken. DE 184.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

general denial which is insufficient as a matter of law. Thus, Casa's

allegations must be taken as true. *Madara*, 916 F.2d at 1514.

### B. Establishing profitability is not required to allege that Gorrin carried on a business venture.

The District Court found that Casa's allegations and exhibits were

insufficient to allege that Gorrin carried on a business venture in Florida.

DE 283:15-18. This finding is erroneous.

Casa alleged:

> At all material times, Gorrin operated, conducted,
> engaged in, or carried on a business or venture in
> Florida. Specifically, Gorrin (through Shell
> Entities) rented the real properties that were
> purchased with misappropriated Venezuelan
> funds to generate monthly cashflow and listed
> them for sale at higher prices than acquired for the
> purpose of realizing a profit.

DE 60:11|34. Casa attached exhibits demonstrating that one Property

(4100 Salzedo St., Unit 807) was rented out and that five Properties were

listed for sale at various times. DE 60-1.

Casa argued that this rental and listing of Properties for sale for

the purpose of realizing a profit was sufficient to assert personal

jurisdiction over Gorrin. *See Labbee v. Harrington*, 913 So.2d 679, 683

(Fla. 3d DCA 2005) (holding that "both the renting of the property and

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

the sale of such an investment property sufficiently describes a business venture" under Florida's long-arm statute). However, the District Court found that for *Labbee* to apply, Casa must demonstrate that Gorrin—via Shell Entities—obtained a profit via the rental of the Property. DE 283:17. Thus, because the evidence did not indicate the rental price for Unit 807, Casa cannot meet its burden. *Id*. The District Court further found the mere listing Properties for sale did not constitute a business venture under *Labbee*. *Id.* The District Court misconstrues *Labbee* and the evidence.

First, the rental price is listed on the exhibit as $2,500 and this was not disputed. DE 60-1:4.

Second, neither *Labbee* nor Florida's long-arm statute requires that a profit be demonstrated or actually obtained. Instead, "'doing business'" is doing "'acts ***for the purpose of thereby realizing pecuniary benefit***, or otherwise accomplishing an object.'" *Id*. at 683 (quoting *Weber v. Register*, 67 So.2d 619, 623 (Fla. 1953)) (emphasis added). It is arguable that *Weber*'s "otherwise accomplishing an object" language means that no profit motive is necessary at all. Regardless, whether Gorrin actually obtained a profit via renting is irrelevant. The undisputed allegation is

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

that Gorrin rented the Property "*for the purpose of realizing a profit.*" DE 60:11|34 (emphasis added). Nothing more is needed under *Labbee*.

Third, the District Court erred in finding that the listing for sale—in and of itself—is insufficient to constitute a business venture. However, the Florida Supreme Court has ruled such acts are enough. *See Labbee*, 913 So.2d at 683 ("The [Florida Supreme] Court also held that the listing of a citrus grove for sale amounted to a business venture.") (citing *Weber*, 67 So.2d at 621).

Fourth, *Labbee* does not require a demonstration of both rental *and* sale. *Labbee* explains that a single act for the purpose of obtaining a profit is sufficient. *Id*.

The unrebutted allegations and exhibits when taken as true establish personal jurisdiction under §48.191(1)(a)(1) by demonstrating the rental of Unit 807 and the listing of sale of five other Properties. Nothing more is needed.

## C. To the extent connexity between the misappropriated funds and the Properties is required to establish specific jurisdiction, a question of material fact remains precluding judgment on the pleadings.

In granting Gorrin's motion concerning tortious activity, the District Court found that Casa did not sufficiently allege a basis for

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

personal jurisdiction for the same reason as it failed to state a claim for constructive trust relief: Casa failed to sufficiently allege connexity between Gorrin's tortious act—participating in a breach of trust resulting in the misappropriation of funds—and the relief sought—a constructive trust over the Properties. DE 283:18-19.

However, based on the allegations and exhibits, a question of material fact exists as to the connexity between the misappropriated funds and the Properties. *See* § I, *supra*.

Moreover, Gorrin's insufficient declaration did not rebut the allegations of tortious conduct. *See* § II(A), *supra*.

This Court has held that a full-scale inquiry into whether a defendant committed a tort is not required to resolve a motion to dismiss a tort claim for lack of personal jurisdiction under Florida's long-arm statute. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1250 (11th Cir. 2000). Instead, where a tort is alleged and the record is in dispute as to the truth of the accusation, "the Court will construe the facts in the light most favorable to the plaintiff and hold that the alleged [claim] satisfies Florida's statute on long-arm jurisdiction." *Id.*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Because connexity has been sufficiently alleged to survive a motion for judgment on the pleadings and Gorrin's declaration fails to rebut the allegations, this Court should reverse and hold that personal jurisdiction under § 48.193(1)(a)(2) exists.

Alternatively, the Court should remand with instructions to defer the issue until the merits of the connexity issue is resolved. *See* Fed R. Civ. P. 12(i) (allowing court to defer issues raised in motions for judgment on the pleadings until trial).

Either way, where connexity remains an issue of material fact, the District Court erred in granting Gorrin's motion for judgment on the pleadings.

## D. Due process is not offended.

Gorrin never argued due process would be offended in his motion. Regardless, the District Court adopted the Magistrate's recommendation that "[g]iven the weakness of Casa['s] argument for the application of the Florida long-arm statute to Gorrin, it cannot be said that the exercise of personal jurisdiction over him comports with [] due process...." DE 262:12; 283:19-20. This is erroneous.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

The allegations are sufficient to withstand judgment on the pleadings; thus, by necessity under the District Court's logic, due process is satisfied.

In determining whether due process would be satisfied, the Court considers: i) whether Casa's claims "arise out of or relate to" at least one of the impleaded defendants contacts with Florida; ii) whether Gorrin "purposefully availed himself of the privilege of conducting activities within [Florida], thus invoking the benefit of [Florida]'s laws"; and iii) "whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1353.

Exercising personal jurisdiction over Gorrin comports with due process.

Casa's claims "arise out of" Gorrin's contacts with the state, *i.e.*, paying bribes to accounts in the Southern District of Florida and using misappropriated Venezuelan funds to purchase the Properties.

Gorrin purposefully availed himself of the privilege of operating a real estate venture in this state by purchasing and renting the Properties.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Finally, exercising personal jurisdiction over Gorrin comports with "fair play and substantial justice" because litigating in Florida does not place a burden on Gorrin as he is in litigation in another case in the Southern District. Florida also has a strong interest in hearing the case because the Properties are located there. Casa has an interest in litigating the case in its chosen forum. And the judiciary has an interest in efficiently resolving the dispute in this forum where it has been long pending. *See Louis Vuitton*, 736 F.3d at 1358 (discussing factors considered in the fair play analysis).

Due process is satisfied.

## III. THE DISTRICT COURT ERRED IN DENYING CASA'S MOTION FOR EMAIL SERVICE.

The District Court's sole basis for rejecting the Magistrate's recommendation to grant Casa's cross-motion for email service was that it lacked personal jurisdiction over Gorrin. DE 283:20. However, that finding was erroneous. Thus, the District Court abused its discretion in denying Casa's cross-motion. *Cooter & Gell,* 496 U.S. at 405.

## IV. CASA HAS STANDING.

The District Court's finding that Casa lacked standing to stand in the shoes of Venezuela—its judgment debtor—and assert a "chose in

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

action" to impose a constructive trust is unsupported by law. The District Court erroneously reasoned that because Venezuela is a sovereign, "sensitive sovereign issues" exist that prohibit Casa from proceeding.

First, there is no indication that Florida law treats foreign sovereign judgment debtors different from any other judgment debtor regarding choses in action. Neither section 56.29 nor Florida case law provides such a distinction.

Instead, the District Court conflates a sovereign's immunity from suit with standing to sue a sovereign's debtors to satisfy an already obtained judgment. Whether a sovereign is immune from suit is a different question than whether someone can use proceedings supplementary to secure assets to satisfy an existing judgment against a sovereign.

The District Court creates a new category of immunity: a sovereign judgment debtor has *de facto* prosecutorial discretion to stifle any attempts to satisfy judgments against it by not prosecuting claims it holds against third parties. Such *de facto* immunity would exist even where the sovereign expressly waived to the fullest extent immunity from attachment and execution. This new category would contravene the

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

purposes of proceedings supplementary. *See Gen. Guaranty Ins. Co. of Fla. v. DaCosta*, 190 So.2d 211, 213 (Fla. 3d DCA 1966) (supplemental proceedings "provide a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding….The statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible.").

Second, the District Court never identifies the "sensitive sovereign issues". The Magistrate quotes the Appellees' *ipse dixit* that it relates to Venezuela's highest government officials defrauding the government and absconding with assets. DE 262:15.[7] Any "sensitive sovereign issues" barring suit cannot be based on the mere misappropriation of funds.

"[A] judgment creditor…may pursue in a court of equity any equitable interest…of his debtor, in whosesoever hands it may be found." *Hillsborough Cnty. v. Dickenson*, 169 So. 734, 737 (Fla. 1935). "A like rule applies to a … constructive trust." *Id.*

---

[7]   These "sensitive sovereign issues" do not concern Gorrin or Shell Entities as neither is alleged to be Venezuelan officials. DE 60.

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

Supplemental proceedings under § 56.29 are considered a substitute for this creditor bill in chancery. *Gen. Guaranty Ins. Co. of Fla.*, 190 So.2d at 213. The statute provides that any property of or due to the judgment debtor in the hands of any person subject to a notice to appear may be applied toward satisfaction of the judgment. Fla. Stat. § 56.29(6). A judgment debtor's chose in action is a property right reachable by a judgment creditor in proceedings supplementary. *Puzzo v. Ray*, 386 So.2d 49, 49 (Fla. 4th DCA 1980).

"Narrow exceptions" to the general rule that choses in action may be reached by supplementary proceedings exist for "so-called 'personal torts,' i.e., those for personal injuries such as suits for assault and battery, slander and similar cases. Those suits were considered personal to the plaintiff and have been held…not reachable in proceedings supplementary." *Craft v. Craft*, 757 So.2d 571, 572 (Fla. 4th DCA 2000). This exception was "expanded to suits for legal malpractice because of the personal nature of the services involving highly confidential relationships." *Id.*; *but see Cowan Liebowitz & Latman, P.C. v. Kaplan*, 902 So.2d 755, 757 (Fla. 2005) (malpractice claims against attorneys who prepare private placement memorandum are assignable).

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

"However, a right of action for injury to property interests was not so protected." *Craft*, 757 So.2d at 572. Instead, "an assignable right of action for a tort occasioning injury to property, or for conversion…may be reached by bill in equity, or under statutory provisions analogous thereto." *Puzzo*, 386 So.2d at 50 (quotations omitted).

Misappropriation is akin to conversion or injury to property, not personal injury. *See Restless Media GmbH v. Johnson*, No. 22-cv-80120, 2023 WL 2836871, *6 (S.D. Fla. Feb. 1, 2023) (claims related to misappropriation of property assignable under Florida law) (citing *State Road Dep't v. Bender*, 2 So.2d 298, 300 (Fla. 1941) ("[I]t is well settled that a cause of action growing out of injury to property may be assigned….")).

Similarly, fraud claims are assignable. *ECB, USA, Inc. v. Chubb Ins. Co. of New Jersey*, 587 F.Supp.3d 1205, 1211 (S.D. Fla. 2021) (fraud claim assignable under Florida law) (citing *Aaron v. Allstate Ins. Co.*, 559 So.2d 275, 277 (Fla. 4th DCA 1990) (holding that any "cause of action, which is not based on a personal tort" is assignable and holding that fraud claim was assignable)).

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Further, neither Federal or Florida law classifies misappropriation from the government as a claim that is so highly sensitive and personal that a private claimant cannot stand in its shoes to recover the funds. Instead, both jurisdictions provide for *qui tam* actions that reward such action. *See* Florida False Claims Act, Fla. Stat. §§ 68.081-68.092; False Claims Act, 31 U.S.C. § 3729 *et seq.*

"Under Florida law, 'assignability of a cause of action is the rule rather than the exception.'" *Restless Media GmbH*, 2023 WL 283671 at *3 (quoting *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So.2d 490, 496 (Fla. 3d DCA 1994)). There is nothing uniquely sensitive about misappropriation from the government that would prevent a chose in action.[8] The assignability of suit does not change merely because the victim is a foreign sovereign. The District Court's decision vastly expands the "narrow exceptions" recognized and should be rejected.

V. **THE PROPERTIES ARE NOT IMMUNE FROM EXECUTION AND ATTACHMENT UNDER FSIA BECAUSE THEY WERE USED IN COMMERCIAL ACTIVITY.**

Although the signed FAA's waived immunity, the District Court found that under 28 U.S.C. § 1610(a) the Properties must also be used for

---

[8]    Casa reminds the Court of its ability to certify this unanswered question to the Florida Supreme Court.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

commercial activity to be attached and executed upon. The District Court further found that no such commercial activity occurred. As demonstrated below, a finding that Venezuela has not engaged in commercial activity is erroneous.

## A. Commercial use under § 1610(a) can occur after a case's inception.

This Court has not addressed the question of whether commercial activity after a case's inception can strip immunity under 1610(a).The District Court relied upon *TIG Ins. Co. v. Republic of Argentina*, 967 F.3d 778, 782-785 (D.C. Cir. 2020) to conclude commercial use must occur prior to filing suit. DE 283:34-35. The lower court is mistaken.

First, *TIG* does not address whether the commercial use exception can attach post-filing. Instead, it addressed whether, where the property was commercially used at the time of filing of suit, the subsequent non-commercial use of property by a sovereign can defeat the commercial use exception to attachment under § 1610. 967 F.3d at 780. There, the property was listed for sale by Argentina and after the plaintiff moved to attach, Argentina delisted the property and claimed that it was no longer in commercial use. *Id.* In rejecting Argentina's time-of-writ approach, the Court held commercial use is evaluated under a "totality-of-the-

circumstances" approach which includes recent past use and whether the sovereign manipulated the property's use to evade attachment. *Id.* at 786.

Second, the District Court misreads *TIG*; the case did not hold the commercial use exception only applies at the time of filing. *TIG* explains "[c]oncluding that courts should assess the facts at the time of filing does not answer what facts bear on whether a property is one 'used for a commercial activity.'" *Id.* at 785. In adopting the totality-of-the-circumstances approach, *TIG* expressly rejected a solely time-of-filing approach, explaining it would "be odd to confine a district court's examination to the property's use at the exact moment when the suit was filed" because that would encourage gamesmanship by claimants. *Id.* at 786.

Third, this Court should reject a time-of-filing rule because it would treat when immunity attaches differently than when exceptions to immunity attach. FSIA immunity can attach after a suit is filed. *See Bartlett v. Baasiri*, 81 F.4th 28, 33 (2d Cir. 2023) (rejecting *TIG*'s time-of-filing rule and holding "immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, may attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is filed."); *Straub v.*

51

*AP Green, Inc.*, 38 F.3d 448, 451 (9th Cir. 1994) (suggesting that "FSIA may be applicable if a party that becomes a 'foreign state' after the commencement of a lawsuit promptly brings its status as a 'foreign state' to the district court's attention."); *cf. Abdulaziz v. Metro, Dade County*, 741 F.2d 1328, 1330 (11th Cir. 1984) (diplomatic immunity attached after action commenced). If the act can attach mid-suit, then the exclusions to the act can also attach.

### B. Venezuela's actions in authorizing Casa to seek a constructive trust on the Properties and pledge for execution constitutes commercial activity.

During litigation, Venezuela enacted the Guidelines for Processing Proposals from Creditors of the Venezuelan Public Sector to Sue Holders of Assets Obtained by Acts of Corruption, Official Legislative Gazette of the National Assembly No. 57 (Feb. 21, 2022) ("VZ Law"). DE 276:9, 276-1. The law establishes a mechanism to recover Venezuelan assets held by third parties, who obtained the assets through acts of corruption, by authorizing private creditors of Venezuela to sue, at their own risk, the holders of the Venezuelan assets and guaranteeing that the assets, if recovered, will be used to repay the creditor's debt. DE 276:10; 276-1:1; 276-2:1-2.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Under the VZ Law, creditors must: i) submit a proposal to the Special Attorney General of Venezuela for execution on "assets originating from corruption and…avail[] themselves of the procedures" of the VZ Law, identify the assets upon which they seek execution, and the holders of those assets, DE 276:10; 276-1:3 | 1; 276-2:2 | 5; and ii) "waive" their right to initiate collection against other Venezuelan assets "at least until the conclusion of the procedures that have already been initiated against the holders of assets originated from corruption," DE 276:10; 276-1:3 | 2; 276-1:2 | 6.

Venezuela must accept or deny the proposal. DE 276:10; 276-1:3 | 3; 276-2:2-3 | 7. If accepted, and upon request of the creditor, the Special Attorney General may issue an official communication to OFAC advising that Venezuela has no objection to the issuance of a specific license to the interested creditor for the proposed transaction. *Id.*

The VZ Law guarantees to approved creditors that "[t]he assets that the proposing person manages to recover will be imputed to the cancellation of the claim against the debtor public entity, up to concurrence of the amount owed…." DE 276:11; 276-1:4 | 5; 276-2:3 | 9.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Casa submitted a proposal concerning the Properties that was approved by Venezuela. DE 276:10-11; 276-5. This approval noted that the procedure must "be executed in full compliance with the [VZ Law]," and explained that Venezuela would provide a Letter of No Objection addressed to OFAC, "under the terms of [Casa's] request." *Id*.

Subsequently, a Letter of No Objection was issued. DE 276-6. This letter stated that Venezuela did not object to Casa obtaining a license "to execute [its] judgment…against properties located in the [US] that were acquired by companies owned or controlled by Raul Gorrin Belisario…." DE 276:12; 276-6.

Venezuela authorized suit and guaranteed payment via the Properties to satisfy the judgment owed to Casa—to the extent Casa could collect. DE 276-2:5-6.

How Venezuela approves claimants cannot be reviewed under the Act of State Doctrine. *W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Intern.*, 493 U.S. 400, 406 (1990) ("Act of state issues only arise when a court *must decide*—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign.") (emphasis in original). Below, Appellees argued no

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

authorization/guarantee occurred and the District Court agreed. DE 281:11, 283:35. However, that position—and the District Court's resulting finding—required the District Court to decide the effect of official Venezuelan action. Deciding no authorization took place was reversible error.

Alternatively, Appellees' mere denial creates a disputed issue of fact that requires reversal. *Perez*, 774 F.3d at 1335.

Overlooking these issues, the District Court found that Venezuela's authorization and guarantee were insufficient commercial activity because: i) Venezuela's actions took place after commencement of suit; ii) the Properties were not specifically mentioned in the approval; and iii) Venezuela's acts are not sufficient commercial activity under 1610. DE 283:33-36; 262:17. The District Court is incorrect.

As to timing, as explained above, commercial activity sufficient to trigger the FSIA exception can occur after suit is commenced.

As to identification, Casa's proposal to Venezuela identified the Properties as required under VZ Law. DE 276:15; 276-3; 276-4. By necessity Venezuela reviewed and approved of this in issuing its approval. DE. 276-5.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

As to sufficiency, "when a foreign government acts, not as a regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA." *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992). In making this determination, the court looks to the nature of the act and "whether the particular actions that the foreign state performs…are the type of actions by which a private party engages in 'trade and traffic or commerce.'" *Id.* (foreign state engaged in commercial activity by issuing instrument that guaranteed payment of its debt with specific property).

"A state engages in commercial activity where it exercises only those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns." *Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*, 129 F.3d 543, 547 (11th Cir. 1997). Where "the underlying activity at issue…is commercial in nature and of the type negotiable among private parties," the activity is considered commercial under FSIA. *Guevara v. Republic of Peru*, 129 F.3d 543, 547 (11th Cir. 1997).

Additionally, where a government ventures "into the marketplace" seeking assistance outside the government to achieve its goal, such

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

activity is commercial activity. *Id.* (decree promising reward for information enabling authorities to capture fugitive was commercial activity because exchanging money for information was commercial in nature and government ventured into marketplace to use private informants to achieve law enforcement goal); *Honduras Aircraft*, 129 F.3d at 547 (contracting to create civil aircraft registry was commercial activity because contract the type negotiable among private parties, and the government—lacking expertise—ventured into private marketplace to achieve goal).

Here, Venezuela's activity—guaranteeing repayment of debt secured by specific properties in exchange for a conditional waiver of other collection efforts—is commercial and of the type private parties negotiate. Like Honduras and Peru, here, Venezuela ventured outside the government (private creditors) to achieve its goal (reducing sovereign debts owed via judgments).

The District Court found *Weltover*, *Honduras Aircraft*, and *Guevara* to be distinguishable because those cases did not specifically address 1610. Instead, the District Court erroneously relied on *United*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*States v. M/Y Galactica Star,* 13 F.4th 448, 453 (5th Cir. 2021) to find that Venezuela's acts were not commercial activity.

That the above-cited cases discuss 1605 instead of 1610 is a distinction without a difference. *Weltover* addressed what "commercial" means in the definition of "commercial activity" found at 1603. 504 U.S. 612-615. The definition applies to both 1605 and 1610.

The District Court's reliance on *M/Y Galactica Star* is misplaced. There, the US filed a civil forfeiture action against a yacht and Nigeria filed a verified claim arguing it was secured with misappropriated Nigerian assets. 13 F.4th at 452. After a third-party withdrew its claim, the US and Nigeria filed a joint motion for an order authorizing interlocutory sale of the yacht. *Id.* A Nigerian judgment creditor sought an order to turn over Nigeria's claim; this was denied. *Id.* at 452-453. The US and Nigeria then filed a joint motion for consent judgment on the proceeds of the sale and Nigeria withdrew its claim. *Id* at 453.

On appeal, the judgment creditor argued that Nigeria's verified claim was subject to attachment because Nigeria "used" the yacht in "commercial activity" by asking for and participating in the sale of the yacht in the US. *Id.* at 459. In affirming judgment, the Court held that

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

the US—not Nigeria—was the party that "used" the yacht in commercial activity. *Id.* Although Nigeria participated in the sale process by agreeing to a target sales price and auctioneer, the US orchestrated the sale, entered into the purchase agreement with the winning bidder, and received the funds from the buyer. *Id.* The case is distinguishable.

The District Court misunderstood what the commercial activity here is. It is Venezuela's pledging of the Properties to satisfy its debt owed to Casa. Venezuela is the commercial actor—not Casa. Casa is merely a conduit for Venezuela's activity. Casa is asserting a chose in action to secure a constructive trust for Venezuela. However, Venezuela has agreed that if successful, the assets of that constructive trust will be used to satisfy Casa's debt in exchange for Casa initially forgoing other collection efforts. Venezuela—like the US in *M/Y Galactica*—is the party using the Properties in commercial activity.

Moreover, under 1610(a), "property is 'used for a commercial activity in the United States' when the property in question is put into action, put into service, availed, or employed for a commercial activity." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1091 (9th Cir. 2007); *Connecticut Bank of Commerce v. Rep. of Congo*, 309 F.3d

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

240, 254 (5th Cir. 2002) ("To use property for a commercial activity, within the ordinary meaning of 'use' would be to put the property in the service of the commercial activity, to carry out the activity by means of the property."). The analysis of whether Venezuela "used" the property for 1610 comes to the same conclusion: yes, it did.

Thus, 1610 applies and reversal is necessitated.

## VI.    AS PLED, THE ACT OF STATE DOCTRINE DOES NOT BAR LITIGATION.

The District Court found that the Act of State Doctrine barred suit because "the imposition of the constructive trust to satisfy the Judgment, turns upon whether the Venezuelan [foreign currency exchange] contracts can be invalidated to support Casa's unjust enrichment theory and therefore execute on the Properties." DE 283:39. The lower court is incorrect.

"[T]he act of state doctrine is a 'rule of decision' for the merits: It compels federal…courts to treat foreign official acts as 'valid' in the sense that a court may not declare them 'null and void.'" *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 138 (2d Cir. 2022). The doctrine only arises when a court **must decide** the effect of official action by a foreign sovereign. *W.S. Kirkpatrick*, 493 U.S. at 406. When the issue is "not

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

whether the acts are valid, but whether they occurred" the act is not implicated. *Id.* (quotations omitted). Such is the case *sub judice*.

The "doctrine does not 'bar[ ] a court…from entertaining a cause of action that…require[s] imputing to foreign officials an unlawful motivation (the obtaining of bribes) in the performance of…an official act.'" *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1027 (6th Cir. 1990) (quoting *W.S. Kirkpatrick*, 493 U.S. at 401). That the allegations may also demonstrate an invalid contract is irrelevant when validity is not a question that must be decided. *See W.S. Kirkpatrick*, 493 U.S. at 406 (civil RICO action not barred by doctrine despite allegations suggesting underlying contract awarded by foreign government was illegal because contract's legality was not issue that must be decided); *Celestin*, 30 F.4th at 144 (antitrust suit not barred despite facts supporting collusion implying foreign government's act was void because issue was not one that must be decided); *Lamb*, 915 F.2d at 1027 (error to apply doctrine where antitrust suit "merely call[s] into question the contracting parties' motivations and resulting anticompetitive effects…not the validity of any foreign sovereign act").

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Here, the doctrine is not implicated because invalidation of the currency exchange contract is not an issue that the court "must decide." The issue is whether Gorrin paid bribes that resulted in his acquiring assets under inequitable circumstances.

Casa has alleged that Gorrin is a trustee *ex maleficio* because he obtained Venezuelan funds with actual knowledge that Andrade and Diaz committed a breach of trust, and that he wrongfully participated in said breach through the payment of bribes. DE 60:16. Neither require invalidating the contracts to create a constructive trust.

Trustee *ex maleficio* arises where one acquires "property by fraud, misrepresentation, imposition, concealment, or under any other such circumstances as render it inequitable for him to retain it." *Bell v. Smith*, 32 So.2d 829, 824 (Fla. 1947). Trustee *ex maleficio* does not invalidate the underlying transaction. Instead, the property holder is considered a trustee over the inequitably held property. *Id.*; *Quinn v. Phillips*, 113 So. 419, 428 (Fla. 1927) (Whitfield, J., concurring). "This is [based] upon the principle that the title of the *cestui que* trust has not been affected by the transfer." *Connelly v. Fla. Nat'l Bank of Jacksonville*, 120 So.2d 647, 650 (Fla. 2d DCA 1960).

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Similarly, establishing wrongful participation in a breach of trust does not require invaliding the currency exchange contracts. *Centrust Sav. Bank v. Barnett Banks Trust Co., N.A.*, 483 So.2d 867, 869 (Fla. 5th DCA 1986) (listing elements of wrongful participation in breach of trust: i) "an act or omission which furthers or completes the breach of trust"; and ii) "knowledge at the time that the breach of trust was occurring."). There have already been findings that Andrade and Diaz committed breaches of trust and that constructive trusts are appropriate as to them. DE 216, 219. These unappealed findings are the law of the case. *See Silverberg v. Paine, Webber, Jackson, & Curtis, Inc.*, 724 F.2d 1456, 1457 (11th Cir. 1983).

The allegations do not implicate the doctrine.

## VII. *Peacock* DOES NOT BAR ANCILLARY JURISDICTION BECAUSE THE PROPERTIES ARE ALLEGED TO BE ILLEGITIMATELY HELD BY APPELLEES.

The District Court found that it lacked ancillary jurisdiction based upon *Peacock v. Thomas*, 516 U.S. 349 (1996). It was mistaken.

Casa does not seek to impose personal liability on Appellees. Casa seeks a constructive trust over Venezuelan assets alleged to be illegitimately held by Appellees.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

"[T]he issue here is whether [Appellees'] assets are, in effect, *Venezuela's* assets; for if they are, then this case is not correctly characterized as one in which [Casa] is attaching a third-party's property." *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 333 F.Supp.3d 380, 393 (D. Del. 2018) (*Peacock* did not apply because allegations were that third party was alter-ego; thus, assets were alleged to be Venezuelan and not "legitimately held assets" of third-party), *affirmed* 932 F.3d 126 (3d Cir. 2019).

*Peacock* explains that "[a]ncillary jurisdiction does not extend to 'a new lawsuit to impose liability for a judgment on a third party'" *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (quoting *Peacock*, 516 U.S. at 355). This Court has held that *Peacock* does not bar ancillary jurisdiction in fraudulent transfer cases because seeking fraudulently transferred assets of the judgment debtor in the hands of a third party does not impose liability for a judgment on a third party. *Id.* at 786-788. This Court has never held—nor should it—that *Straub's* logic *only* applies to fraudulent transfer cases.

The Third Circuit—albeit in an unpublished decision—explained that *Peacock* is limited to cases "demanding that a third party use its

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

legitimately held assets to satisfy a previously rendered judgment."
*Gambone v. Lite Rock Drywall*, 288 Fed.Appx. 9, 12-13 (3d Cir. 2008).
This logic makes sense because ancillary jurisdiction exists "[w]here a
postjudgment proceeding presents an attempt simply to collect a
judgment…even if chasing after the assets of the judgment debtor now
in the hands of a third party." *USI Properties Corp. v. M.D. Const. Co.*,
230 F.3d 489, 498 (1st Cir. 2000).

Just as a fraudulent transfer action seeks illegitimately held assets
transferred to a third party, a constructive trust action seeks a trust over
illegitimately held assets in control of a third party. In either case, the
assets are alleged to be of the judgment debtor being illegitimately held.
Reading *Straub* as limiting *Peacock*'s holding only in cases of fraudulent
transfer creates the perverse result that misappropriated assets
illegitimately in the hands of third parties are immune from collection in
supplemental proceedings.

Here, Appellees are not personally liable; liability is limited to the
Properties Casa alleges to be illegitimately held and properly the
property of Venezuela. *Straub*, 776 F.3d at 787. Ancillary jurisdiction
exists.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## VIII.   THE DISTRICT COURT ERRED IN NOT EXTENDING THE *LIS PENDENS*.

The District Court denied Casa's motion to extend *lis pendens* finding: i) Casa lacked a good faith basis for extending the *lis pendens* due to lack of connexity; and ii) OFAC regulations bar such actions where Casa does not have an OFAC license. DE 283:43-46. Both findings are erroneous.

As explained, connexity has been sufficiently alleged.

As to OFAC, Venezuelan sanctions are at 31 C.F.R Part 591. The District Court relied upon 31 C.F.R. §§ 591.202(a), (e) to find that "unless licensed…any attachment, judgment, decree, lien,…or other judicial process is null and void with respect to any property and interest in property blocked pursuant to § 591.201." DE 283:45. This rationale is flawed.

The District Court's interpretation of the regulation is overbroad. OFAC has found that Casa's litigation below—*i.e.* use of the judicial process—does not require a license to proceed partly because litigation itself does not *create* or *perfect* a property right. DE 257-1:3; DE 283:37. Where Casa's litigation does not need an OFAC license, notifying others via a *lis pendens*—and consequently extending such a *lis pendens*—

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

would not be prohibited because a *lis pendens* does not *create* or *perfect* a property right. *Dowdy v. Charter Financial Group, Inc.*, 122 F.Supp.2d 1347, 1350 (M.D. Fla. 2000) (Florida *lis pendens* statute's purposes are: i) give notice to future purchasers or encumbrancers of suit that *could* affect title; and ii) protect a plaintiff from intervening liens that *could* impair or extinguish plaintiff's *claimed* property rights). (citing *Chiusolo v. Kennedy*, 614 So.2d 491, 492 (Fla. 1993)); *Centerstate Bank Cent. Florida, N.A. v. Krause*, 87 So.3d 25, 28 (Fla. 5th DCA 2012) ("The *lis pendens* mechanism is not designed to aid either side in a dispute….). Under the District Court's logic, it could not rule on a single motion below because it would be using the "judicial process…with respect to…interests in property…." 31 C.F.R. § 591.202(e). The District Court's actions demonstrate that all judicial process is not prohibited under 591.202(e).

Further, the plain language of the regulation does not strip the lower court of jurisdiction to extend the *lis pendens*. Instead, at worst, an order extending *lis pendens* has no effect unless the party seeking the extension obtains an OFAC license.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

This distinction is critical because OFAC regulations provide that the issuance of a license validates any transfer *including those transfers that took place prior to the license's issuance.* 31 C.F.R. § 591.202(c).

Appellees argued below that Casa's *lis pendens*, and any extension thereof, would meet the definition of a "transfer" under 31 C.F.R. § 591.310. DE 268:14-15.[9] Appellees are incorrect in light of the above-cited law explaining that a notice of *lis pendens* does not create a property interest. However, even assuming a *lis pendens* met the definition of a transfer, 591.202(c) would apply.

---

[9]     Appellees argued:

> 'Transfer' is broadly defined to include "any actual or purported act or transaction, whether or not evidenced by writing, and whether or not done or performed within the United States, for the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property." 31 C.F.R. § 591.310. Casa's effort to extend the lis pendens clearly constitutes an attempt to "to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to" the blocked property.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

The regulations do not require an OFAC license before the Court may extend the *lis pendens. See* 31 C.F.R. § 591.202(c); *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-151, 2022 WL 611586, *9-12 (D. Del. March 2, 2022) (using judicial process to authorize sale without OFAC license does not offend 591.202(e) and explaining 591.202(c) empowers OFAC to retroactively authorize such transfer). Thus, it was an abuse of discretion to deny Casa' motion to extend.

## CONCLUSION

Casa Express Corp. respectfully requests that this Court reverse the order of the District Court and remand with instructions to deny Gorrin and the Shell Entities' separate motions for judgment on the pleadings, and grant Casa's motion to extend *lis pendens* and cross-motion to serve Gorrin via e-mail.

Respectfully Submitted,                                   Dated: July 30, 2024


By: */s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro
FL Bar #0092494
Miguel J. Chamorro
FL Bar #0025812
FUERST ITTLEMAN DAVID & JOSEPH
9100 South Dadeland Blvd., Suite 1610

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Miami, FL
305.350.5690 (o)
305.371.8989 (f)
jmolinaro@fidjlaw.com
mchamorro@fidjlaw.com

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the word limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 12,735 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt. Century font.

*/s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro

## CERTIFICATE OF SERVICE

I certify that on July 30, 2024, a copy of the foregoing was uploaded via the Court's electronic filing system which will provide a NEF to counsel of record, and that 4 paper copies of the brief will be submitted via Fed. Ex.

*/s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM