# No. 24-11642-H

## In the United States Court of Appeals for the Eleventh Circuit

CASA EXPRESS CORP.
Judgment Creditor/Appellant,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, et al.
Judgment Debtor/Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:21-CV-23103-BB
Hon. Beth Bloom, Presiding

**REPLY BRIEF OF CASA EXPRESS CORP.**

Jeffrey J. Molinaro
Miguel J. Chamorro
**FUERST ITTLEMAN DAVID & JOSEPH**
9100 South Dadeland Blvd.
Suite 1610
Miami, FL 33156
305.350.5690 (o)
305.371.8989 (f)
jmolinaro@fidjlaw.com
mchamorro@fidjlaw.com
*Attorneys for Casa Express Corp.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Cir. R. 26.1, counsel for Casa Express Corp. hereby certifies that to the best of counsel's knowledge the following is a full and complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Black Srebnick Kornspan & Stumpf (Counsel for Respondents/Appellees)

2. Bloom, Hon. Beth U.S. District Court Judge, Southern District of Florida

3. Bolivarian Republic of Venezuela (Judgment Debtor/Appellee)

4. Casa Express Corp. (Appellant/Judgment Creditor)

5. Casa Express Trust (Interested Party)

6. Cedeno, Alejandro Andrade (Respondent/Appellee)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

7. Chamorro, Miguel (Counsel for Appellant)

8. Collins Apt. 4401, LLC (Third Party Defendant)

9. Dunlap, Robert Tully (Counsel for Respondents)

10. Fisher Isl. 7043, LLC (Third-Party Defendant)

11. Freedman Normand Friedland LLP (Counsel for Respondents)

12. Fuerst Ittleman David & Joseph (Counsel for Appellant)

13. Gamardo, Andres (Trial Counsel for Casa Express Corp.)

14. Gamardo, P.A. (Trial Counsel for Casa Express Corp.)

15. Gorrin Belisario, Raul (Respondent/Appellee)

16. Guerrero, Lisandro (Counsel for Respondents/Appellees)

17. Guillen, Claudia Patricia Diaz (Respondent/Appellee)

18. Lankford & Reed PLLC (Counsel for Appellees)

19. Molinaro, Jeffrey J. (Counsel for Appellant)

20. Otazo-Reyes, Hon. Alicia U.S. Magistrate Judge, Southern District of Florida

21. Patricios, Leon Nicholas (Counsel for Third-Party Defendants)

22. Planet 2 Reaching, Inc. (Respondent/Appellee)

23. Posh 8 Dynamic, Inc. (Respondent/Appellee)

24. Reed, Terrance G. (Counsel for Appellees)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

25.  RIM Group Investments Corp. (Respondent/Appellee)

26.  RIM Group Investments I Corp. (Respondent/Appellee)

27.  RIM Group Investments II Corp. (Respondent/Appellee)

28.  RIM Group Investments III Corp. (Respondent/Appellee)

29.  Srebnick, Howard Milton (Counsel for Respondents/Appellees)

30.  Zumpano Patricios, P.A. (Counsel for Third Party Defendants)

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ............................................................. C-1

TABLE OF CONTENTS ..................................................................... i

TABLE OF CITATIONS ................................................................... iii

SUMMARY OF ARGUMENT ................................................................ 1

ARGUMENT ................................................................................. 5

   I.  A QUESTION OF MATERIAL FACT REMAINS AS TO CONNEXITY BETWEEN THE MISAPPROPRIATED FUNDS AND THE PROPERTIES. ...... 5

  II.  THE DISTRICT COURT HAS PERSONAL JURISDICTION OVER GORRIN. ............................................................................ 8

     A.  Gorrin carried on a business venture. ........................................ 8

     B.  Because connexity is at issue, a question of material fact remains concerning whether Gorrin's tortious activity subjects him to personal jurisdiction. ..................................... 10

     C.  Gorrin's declaration fails to rebut Casa's allegations. ............. 11

     D.  Due process is not offended. ................................................ 12

  III.  CASA HAS STANDING. ................................................................ 13

  IV.  THE PROPERTIES ARE NOT IMMUNE FROM EXECUTION AND ATTACHMENT UNDER FSIA BECAUSE THEY WERE USED IN COMMERCIAL ACTIVITY. ............................................................. 19

     A.  Appellees' time-of-filing logic is flawed. ............................... 19

     B.  Venezuela's actions constitute commercial activity. ................ 20

  V.  AS PLED, THE ACT OF STATE DOCTRINE DOES NOT BAR LITIGATION. ............................................................................ 22

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.FIDJLAW.COM

VI. *Peacock* DOES NOT BAR ANCILLARY JURISDICTION BECAUSE THE PROPERTIES ARE ALLEGED TO BE ILLEGITIMATELY HELD BY APPELLEES. ................................................................. 26

VII. THE DISTRICT COURT ERRED IN NOT EXTENDING THE *LIS PENDENS.* ........................................................................ 28

CONCLUSION ........................................................................... 31

CERTIFICATE OF COMPLIANCE ....................................... 31

CERTIFICATE OF SERVICE .............................................. 32

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

# TABLE OF CITATIONS

## Cases

*Acquadro v. Bergeron*
851 So.2d 665 (Fla. 2003)......................................................................... 12

*\*Af-Cap Inc. v. Republic of Congo*
383 F.3d 361 (5th Cir.), *decision clarified on reh'g*, 389 F.3d 503
(5th Cir. 2004) ........................................................................................ 21

*Bell v. Smith*
32 So.2d 829 (Fla. 1947)....................................................................24, 25

*Centerstate Bank Cent. Florida, N.A. v. Krause*
87 So.3d 25 (Fla. 5th DCA 2012) ......................................................28, 29

*Chiusolo v. Kennedy*
614 So.2d 491 (Fla. 1993)......................................................................... 29

*Connecticut Bank of Com. v. Republic of Congo*
309 F.3d 240 (5th Cir. 2002) ................................................................... 21

*Connelly v. Fla. Nat'l Bank of Jacksonville*
120 So.2d 647 (Fla. 2d DCA 1960)....................................................24, 25

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*
No. 17-151, 2022 WL 611586 (D. Del. March 2, 2022)......................... 30

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*
932 F.3d 126 (3d Cir. 2019) .................................................................... 22

*Dickman v. Commissioner*
465 U.S. 330 (1984)................................................................................... 29

*Dole Food Co. v. Patrickson*
538 U.S. 468 (2003)................................................................................... 20

*Donan v. Dolce Vita Sa, Inc.*
992 So.2d 859 (Fla. 4th DCA 2008) ..................................................16, 17

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

*Dowdy v. Charter Financial Group, Inc.*
   122 F.Supp.2d 1347 (M.D. Fla. 2000)............................................28, 29

*ECB USA, Inc. v. Chubb Ins. Co. of N.J.*
   113 F.4th 1312 (11th Cir. 2024) ........................................................23

*\*Gambone v. Lite Rock Drywall*
   288 Fed.Appx. 9 (3d Cir. 2008) .........................................................27

*\*Hillsborough Cnty. v. Dickenson*
   169 So. 734 (Fla. 1935).....................................................................15

*\*Hirchert Family Trust v. Hirchert*
   66 So.3d 548 (Fla. 5th DCA 2011) ....................................................13

*Horizon Aggressive Growth, L.P. v. Rothstein-Krass, P.A.*
   421 F.3d 1162 (11th Cir. 2005) ...........................................................8

*Horsley v. Rivera*
   292 F.3d 695 (11th Cir. 2002) ..............................................................6

*International Underwriters AG v. Triple I: Int'l Inv., Inc.*
   No. 06-80966, 2007 WL 9701852 (S.D. Fla. May 30, 2007) ...............12

*\*Labbee v. Harrington*
   913 So.2d 679 (Fla. 3d DCA 2005)...................................................9, 10

*\*Lamb v. Phillip Morris, Inc.*
   915 F.2d 1024 (6th Cir. 1990)............................................................24

*Madara v. Hall*
   916 F.2d 1510 (11th Cir. 1990) ..........................................................12

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*
   288 F.3d 1264 (11th Cir. 2002) ............................................................8

*Myd Marine Distrib., Inc. v. Int'l Paint Ltd.*
   201 So.3d 843 (Fla. 4th DCA 2016) ...............................................13, 18

*\*Nat'l Mar. Servs., Inc. v. Straub*
   776 F.3d 783 (11th Cir. 2015)........................................................26, 27

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Paglia v. Breskovich*
  522 P.2d 511 (Wash.App. 1974) ........................................................... 17

*Peacock v. Thomas*
  516 U.S. 349 (1996) ............................................................................. 26

*Perez v. Wells Fargo, N.A.*
  774 F.3d 1329 (11th Cir. 2014) ............................................................. 6

*\*Puzzo v. Ray*
  386 So.2d 49 (Fla. 4th DCA 1980) .................................................. 13, 14

*Quinn v. Phillips*
  113 So. 419 (Fla. 1927) .................................................................... 24, 25

*Richard v. McNair*
  164 So. 836 (Fla. 1936) ........................................................................ 14

*Robinson v. Giamarco & Bill, P.C.*
  74 F.3d 253 (11th Cir. 1996) .............................................................. 8, 9

*Sculptchair, Inc. v. Century Arts, Ltd.*
  94 F.3d 623 (11th Cir. 1996) .................................................................. 8

*Sec'y, U.S. Dep't of Labor v. Preston*
  873 F.3d 877 (11th Cir. 2017) ............................................................. 23

*Tavakoli v. Doronin*
  No. 18-21592, 2019 WL 1242669 (S.D. Fla. March 18, 2019) ............ 12

*Thorpe v. Gelbwaks*
  953 So.2d 606 (Fla. 5th DCA 2007) ..................................................... 12

*TIG Ins. Co. v. Republic of Argentina*
  967 F.3d 778 (D.C. Cir. 2020) ............................................................. 19

*Tillman v. Pitt Cole Co.*
  82 So. 2d 672 (Fla. 1955) .................................................................... 25

*Travis Glass Co. v. Ibbetson*
  200 P. 595 (Cal. 1921) ......................................................................... 14

v

*U.S. v. Lazarenko*
   No. 21-10255, 21-10250, 2022 WL 4127712
   (9th Cir. Sept. 12, 2022)… ...................................................................7

*United States v. Craft*
   535 U.S. 274 (2002) ....................................................................29

*VFS Leasing Co. v. Markel Ins. Co.*
   No. 22-13338, --F.4th--, 2024 WL 4614858
   (11th Cir. Oct. 30, 2024) ......................................................23, 28

*W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Intern.*
   493 U.S. 400 (1990) ..............................................................23, 24

*Weber v. Register*
   67 So.2d 619 (Fla. 1953) ........................................................9, 10

*Wm. E. Strasser Constr. v. Linn*
   97 So.2d 458 (Fla. 1957) .............................................................10

*Wright v. Southland Corp.*
   187 F.3d 1287 (11th Cir. 1999) .....................................................7

**Statutes**

21 U.S.C. § 853(p) ...........................................................................7

28 U.S.C. § 1603(b) ........................................................................20

28 U.S.C. § 1610(a) ........................................................................21

**Rules**

Fed. R. Civ. P. 12(i) ........................................................................11

**Regulations**

31 C.F.R § 591.310 .........................................................................30

31 C.F.R. § 591.202(c) ....................................................................30

31 C.F.R. § 591.310 .........................................................................29

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## Other Authorities

21 C.J.S. Creditors' Suits § 29 ................................................................. 14

B. Cardozo, Paradoxes of Legal Science 129 (1928) (reprint 2000) ........ 29

Direct Evidence
  *Black's Law Dictionary* 460 (6th ed. 1990) ........................................... 7

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

# SUMMARY OF ARGUMENT

Appellant, Casa Express ("Casa"), respectfully submits its Reply Brief. Appellees' Answer Brief is fatally flawed.

*First*, a question of material fact still remains as to the connexity between the funds and the Properties. Appellees concede that circumstantial evidence can be used to establish the direct or indirect tracing requirement necessary to create a constructive trust. Appellees merely dispute the weight of such evidence. This is inappropriate on a motion for judgment on the pleadings because Casa's allegations and evidence are taken as true and in the light most favorable to Casa as the nonmoving party. Disputing an issue of fact compels denying a motion for judgment on the pleadings.

*Second*, the District Court has personal jurisdiction over Gorrin. Appellees ignore that the focus is on whether Gorrin's actions constitute conduct satisfying personal jurisdiction under Florida's long-arm statute *regardless* of the non-dispositive factors Appellees rely on. Florida law establishes that Gorrin's conduct of renting and attempting to sell the Properties for the purpose of pecuniary gain is sufficient to carry on a business venture and be subjected to personal jurisdiction. Additionally,

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

because connexity remains at issue, the issue of whether Gorrin has engaged in tortious conduct subjecting himself to personal jurisdiction is also at issue.

*Third*, Casa has standing to pursue this matter. Appellees are wrong in four ways. Supplemental proceedings and a chose in action *can* be used to assert equitable remedies such as a constructive trust. Further, Appellees' attempts to convert misappropriation into a case concerning "confidential" information is refuted by the fact that nothing in these proceedings is confidential. Moreover, Appellees are mistaken that public policy prohibits this action because Florida and federal law both provide statutory schemes encouraging individuals to stand in the shoes of government and seek recovery of misappropriated government funds. Finally, Appellees' newfound FSIA is a red herring. Venezuela approved of Casa's collection attempts via these supplemental proceedings.

*Fourth*, the Properties are not immune from execution and attachment under FSIA where, as here, they were used in commercial activity. Appellees' argument concerning when the Properties must be used in commercial activity is incorrect. Appellees ignore that the case

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

they rely upon expressly rejected a strict time-of-filing approach. Appellees ask this Court to adopt an approach that treats when immunity attaches under FSIA differently than when exceptions to that immunity attach. This position is unfounded and should be rejected.

Appellees do not address Casa's argument that the District Court's conclusion that no assignment occurred is barred by the Act of State Doctrine. Regardless, the evidence establishes that Venezuela's pledging of the Properties in exchange for Casa engaging in proceedings supplementary and avoiding other collection attempts constitutes commercial activity under 28 U.S.C. § 1610. Appellees' argument that collection of revenue alone does not constitute commercial activity is irrelevant because Venezuela has pledged that recovery to satisfy its debts in exchange for Casa ceasing other collection attempts. The pledging of revenues to satisfy outstanding debts has been found to be commercial activity under § 1610.

*Fifth*, the Act of State Doctrine does not bar litigation. Appellees avoid Casa's argument that trustee *ex maleficio* does not require the court to invalidate any transaction in this case. Appellees further ignore that the Supreme Court has made clear that the Act of State Doctrine

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

does *not* bar imputing to foreign officials an unlawful motivation in the performance of an official act. Appellees also ignore that the unappealed findings of the District Court have already found that Andrade and Diaz committed breaches of trust. Whether inequitable conduct is imputed to Andrade and Diaz or the court applies its own prior findings, the result is the same: trustee *ex maleficio* can be established without invalidating any contract.

Appellees are also incorrect in arguing that in order for constructive trust to apply, Casa must establish unjust enrichment which requires invalidating contracts issued by the Venezuelan government. Once trustee *ex maleficio* is established, the remedy is constructive trust. Phrased differently, a finding of trustee *ex maleficio* alone is sufficient.

*Sixth*, ancillary jurisdiction exists. Appellees ignore Casa's argument that a constructive trust seeks in equity a similar outcome as a fraudulent transfer action: the attachment of illegitimately held assets in the hands of third parties that are properly considered assets of the judgment debtor. Instead, Appellees solely focus on why this case is not a fraudulent transfer action; no one has ever alleged it was. Appellees' argument should be rejected.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Seventh*, Appellees' argument as to why the *lis pendens* could not be extended directly contravenes of both Florida law and OFAC regulation. Florida law explains that a *lis pendens* does not create a property interest. OFAC regulation provides the same. Moreover, even if a *lis pendens* did create a property interest under OFAC regulations, those regulations do not prohibit an extension where a party does not currently hold an OFAC license. The regulations expressly provide that a subsequently issued OFAC license validates any property transfers to the holder that occurred prior to its issuance. Appellees ignore this argument.

The decision should be reversed and the case remanded to proceed to discovery and trial.

## ARGUMENT

I.  A QUESTION OF MATERIAL FACT REMAINS AS TO CONNEXITY BETWEEN THE MISAPPROPRIATED FUNDS AND THE PROPERTIES.

In their Answer Brief, Appellees concede circumstantial evidence can be used to establish a constructive trust. However, Appellees argue that the circumstantial evidence raised only the "possibility of an indirect link between the funds and the Properties" Ans. Br. 17. This is a red herring.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Appellees forget the standard. The parties are on directed verdict, not a trial on the merits. Casa does not need to "prove" its case now. Instead, facts and inferences are taken as true in the light most favorable to Casa—the nonmoving party. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). Relief for Appellees is only proper if Casa "would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

Here, the "necessary link in the chain" is inferred via circumstantial evidence.

Appellees dispute whether the source of the funds alleged to be used to purchase the Properties was from Venezuela. However, disputing the allegations is disputing an issue of fact. Disputing a factual issue is not appropriate on a judgment on the pleadings and compels denying the motion. *Perez*, 774 F.3d at 1335.

Appellees merely rehash the District Court's finding that the OFAC report does not specifically mention the Properties. However, as conspicuously ignored by Appellees, a direct mention of the Properties would be *direct* evidence of tracing, which is not required. *See Wright v.*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Southland Corp.*, 187 F.3d 1287, 1293 (11th Cir. 1999) (defining "direct evidence" as "'evidence, which if believed, proves the existence of fact in issue without inference or presumption'") (quoting *Black's Law Dictionary* 460 (6th ed. 1990)).

Appellees ignore Casa's arguments concerning the superseding indictment that the listing of the Properties as substitute was not dispositive as to connexity because the Government has the authority to reclassify the Properties as "tainted" in a subsequent civil forfeiture proceeding. Appellees do not address *U.S. v. Lazarenko*, No. 21-10255, 21-10250, 2022 WL 4127712 (9th Cir. Sept. 12, 2022). The *Lazarenko* Court rejected the argument that property listed as "substitute" under 21 U.S.C. § 853(p) cannot be derived directly or indirectly from the defendant's criminal conduct. *Id.* at *2. Instead, that Court held that criminal forfeiture statutes are liberally construed; thus, property can be listed as substitute—and subject to forfeiture—"whether it is tainted or not." *Id.* at *1. Appellees ignore *Lazarenko* because it directly addresses whether property listed as "substitute" can be "tainted." It can. This, Court should adopt *Lazarenko*'s logic.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Finally, Appellees make no argument concerning the Luis Report. Thus, they concede that: i) the Luis Report is not required to be direct evidence of a direct or indirect link between the funds and the Properties; and ii) the Luis Report can rely upon circumstantial evidence to reach its conclusion. Initial Br. at CM/ECF 51-52.

## II. THE DISTRICT COURT HAS PERSONAL JURISDICTION OVER GORRIN.

### A. Gorrin carried on a business venture.

The thrust of Appellees' argument is that personal jurisdiction over Gorrin is lacking because Casa did not analyze the issue under *Horizon Aggressive Growth, L.P. v. Rothstein-Krass, P.A.*, 421 F.3d 1162 (11th Cir. 2005). Reliance on *Horizon* is misplaced.

*Horizon* held that the factors listed are "relevant, but not dispositive." *Id.* at 1167. Instead, the court looks to Florida's long-arm statute. *See generally*, *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-627 (11th Cir. 1996). "The 'reach of the [Florida long-arm] statute is a question of Florida law.'" *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002) (quoting *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir. 1996)). "[F]ederal courts are required to construe [such law] as would the Florida Supreme Court. Absent some indication that the Florida Supreme Court would

8

hold otherwise, [federal courts] are bound to adhere to decisions of its intermediate courts." *Id.* (internal citations and quotations omitted; collecting cases).

Both the Florida Supreme Court and the intermediate courts have held that renting and listing of properties for sale for the purpose of realizing a profit—as Gorrin did *sub judice*—would constitute carrying on a business venture such that personal jurisdiction would attach. *See Labbee v. Harrington*, 913 So.2d 679, 683 (Fla. 3d DCA 2005) (single act of renting or listing for sale a property in Florida for the purpose of realizing pecuniary gain sufficient to carry on a business venture); *Id.* ("The [Florida Supreme] Court also held that the listing of a citrus grove for sale amounted to a business venture.") (citing *Weber v. Register*, 67 So.2d 619, 623 (Fla. 1953)).

Appellees do not discuss *Weber*'s holding. Thus, the mere listing for sale of the Properties "for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object'" subjects Gorrin to the personal jurisdiction of Florida. *Labbee*, 913 So.2d at 683 (quoting *Weber*, 67 So.2d at 623).

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Appellees' attempt to distinguish *Labbee* falls short. Appellees focus on the length of time the defendant in *Labbee* rented the property before selling. However, Appellees ignore that *Labbee* explained that "The Florida Supreme Court has held that engaging in a *single* act for profit can amount to a business venture." *Id.* (emphasis added; citing *Wm. E. Strasser Constr. v. Linn*, 97 So.2d 458, 460 (Fla. 1957); *Weber*, 67 So.2d at 621).

Appellees parrot the District Court's conclusion that Casa did not prove a profit was earned. However, *Labbee* makes clear earning a profit is not required—engaging in the rental of property for the *purpose of realizing pecuniary gain* is sufficient. *Labbee*, 913 So.2d at 683.

## B. Because connexity is at issue, a question of material fact remains concerning whether Gorrin's tortious activity subjects him to personal jurisdiction.

Appellees argue that Casa did not plead tortious conduct as a basis for jurisdiction and that, in any event, tortious conduct requires connexity that was not established. Appellees are wrong on both fronts.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

As the Magistrate found, the issue was raised within Casa's Amended Motion for Proceedings Supplementary. DE 262:9[1] (citing DE 60 at 16).

For sake of brevity, as explained in the Initial and Reply Briefs, an issue of material fact exists as to connexity; thus, a material fact remains precluding judgment on the pleadings on this basis for personal jurisdiction. *See* Fed. R. Civ. P. 12(i) (allowing court to defer on issues raised in motions for judgment on the pleadings until trial).

## C. Gorrin's declaration fails to rebut Casa's allegations.

Appellees argue that because Casa did not establish that Gorrin committed tortious conduct, he did not have to rebut Casa's allegations. The analysis is incomplete.

*First*, Appellees ignore carrying on a business venture as a basis of personal jurisdiction. As explained, Casa's pleading is sufficient to establish a *prima facie* case of personal jurisdiction under this basis. *See* § II A, *supra*.

*Second*, Gorrin's affidavit is insufficient to rebut this *prima facie* case because once a *prima facie* case is established, "the district court

---

[1] CM/ECF Ribbon page number.

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

must accept the facts alleged as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Furthermore, affidavits containing only conclusory assertions or general denials of wrongdoing do not shift the burden back to plaintiff. *Id.*; *Acquadro v. Bergeron*, 851 So.2d 665, 672-673 (Fla. 2003); *Thorpe v. Gelbwaks*, 953 So.2d 606, 610 (Fla. 5th DCA 2007); *International Underwriters AG v. Triple I: Int'l Inv., Inc.*, No. 06-80966, 2007 WL 9701852, *5 (S.D. Fla. May 30, 2007); *Tavakoli v. Doronin*, No. 18-21592, 2019 WL 1242669, *9 (S.D. Fla. March 18, 2019).

Appellees do not address the substance of Gorrin's declaration—one that Casa argued does not address allegations of either basis for personal jurisdiction and merely contains general denials of wrongdoing.

The declaration is insufficient.

### D. Due process is not offended.

Appellees do not address a single basis raised for why due process is not offended. Instead, Appellees raise the new argument that proper jurisdiction would be Venezuela. Appellees cite nothing to support this conclusion. The properties over which a constructive trust would issue are located in this jurisdiction; thus, jurisdiction is proper. *See Hirchert*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

*Family Trust v. Hirchert*, 66 So.3d 548, 551 (Fla. 5th DCA 2011) (California final judgment ordering constructive trust not entitled to full faith and credit where property was located in Florida; California court lacked quasi in rem jurisdiction over the property).

Proper jurisdiction for a constructive trust case is where the property is located.

## III.    CASA HAS STANDING.

Appellees argue Casa lacks standing to assert a chose in action. Appellees are wrong.

*First*, Appellees are incorrect that a chose in action does not apply to equitable remedies. Appellees cite two cases in support: *Myd Marine Distrib., Inc. v. Int'l Paint Ltd.*, 201 So.3d 843, 845 (Fla. 4th DCA 2016) and *Puzzo v. Ray*, 386 So.2d 49 (Fla. 4th DCA 1980). *Myd* quotes Black's law dictionary on the definition of a "chose in action." 201 So.3d at 845. While *Puzzo* also quotes this language, *Puzzo* repeatedly explains that proceedings supplementary cover claims once available in a court of equity:

FUERST ITTLEMAN DAVID & JOSEPH

9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

- "'Such proceedings are *considered a substitute for a creditor's bill in chancery*....'" *Puzzo*, 386 So.2d at 50 (quoting *Richard v. McNair*, 164 So. 836, 840 (Fla. 1936)) (emphasis added).

- "However, an assignable right of action for a tort occasioning injury to property, or for conversion of property, even though the converted property has been used to pay a creditor of the debtor, *may be reached by bill in equity, or under statutory provisions analogous thereto*." *Id.* (quoting 21 C.J.S. Creditors' Suits § 29) (emphasis added).

- "'Since, however, the *purpose of these statutory proceedings supplementary to execution is the same as that of the original creditor's bill in equity* namely, to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment the statutory proceedings should be given an operation at least as broad as that of the creditor's bill. Accordingly, *inasmuch as claims arising from torts committed on the property of a judgment debtor were within the reach of the judgment creditor under the old equity proceeding, it has been held that such claims may constitute the basis of a suit by a judgment creditor*.'" *Id.* at 51 (quoting *Travis Glass Co. v. Ibbetson*, 200 P. 595, 596-597 (Cal. 1921)) (emphasis added).

Fuerst Ittleman David & Joseph

9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

Moreover, *Hillsborough Cnty. v. Dickenson*, 169 So. 734 (Fla. 1935) found that a judgment creditor may pursue a constructive trust remedy that its debtor may possess. *Id.* at 737. Although Appellees try to distinguish its facts, they ignore its holding. The case does not say it is solely limited to the facts. Appellees cite no case supporting that *Hillsborough* has been so limited.

*Second*, Appellees do not explain how misappropriation is akin to a personal tort and not a tort occasioning injury or property or for conversion. Appellees do not attempt to distinguish Appellants' cases which demonstrate misappropriation and fraud claims are freely assignable. Instead, Appellees try to shoehorn a misappropriation case into a "confidential" relationship. Not only did they not raise this argument below, but is also flawed. Who the treasurers of Venezuela are is not confidential information. Nor is who received the preferential government contracts. Not a single piece of evidence has been cited concerning anything "confidential." Fundamentally, Appellees are engaging in wordplay and attempting to replace the term "highly sensitive"—which still has not been defined by Appellees or the District

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Court—with "confidential" in order to shoehorn this case into cases concerning attorney-client privilege. The argument should be rejected.

*Third*, Appellees' public policy arguments are wrong. In fact, the opposite is true. Appellees ignore Casa's argument that both Florida and the federal government encourage private citizens to stand in the shoes of the government to reclaim misappropriated funds via *qui tam* and whistle blower suits.

Appellees cite *Donan v. Dolce Vita Sa, Inc.,* 992 So.2d 859, 861 (Fla. 4th DCA 2008) to argue that Casa's prosecution of Venezuela's chose in action is "inequitable and against public policy" because of the "sensitive sovereign issues involved." Ans. Br. 12-13. However, *Donan* presented a remarkably different situation. *Id.* at 860. There*,* a judgment creditor sought to execute a chose in action that its judgment debtor was prosecuting against *the judgment creditor itself.* The issue thus presented in *Donan* was whether it was error to quash "the notice of sheriff's sale [of the chose in action] knowing that the judgment creditor sought to dismiss the judgment debtor's case against [the judgment creditor] by purchasing the judgment debtor's lawsuit." *Id.* at 861.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Relying on an out-of-state case with similar facts, the *Donan* court exercised its discretion to affirm the quashing of the sheriff's sale:

> The [Washington] court recognized that the Washington [execution] statute, which is similar to that in Florida, broadly provided that "[a]ll property, real and personal, of the judgment debtor, not exempted by law, shall be liable to execution." *Id.* at 513. The court, however, characterized the *possibility of control of both sides of the lawsuit* falling into the hands of one party as "grossly inequitable" because it would deprive the judgment debtor of the opportunity to establish his claim. *Id.* at 514.
>
> This is a case of first impression in Florida and we, like the trial court, are persuaded by the Washington Court's opinion in *Paglia.* If [judgment creditor] succeeded in purchasing [judgment debtor's] claim at the sheriff's sale, he would then be able to dismiss [judgment debtor's] case against him without [judgment debtor] ever having its breach of contract claim resolved on the merits. Such a finding would foster an inequitable result.

*Id.* at 861 (emphasis added; quoting *Paglia v. Breskovich,* 11 Wash.App. 142, 522 P.2d 511 (Wash.App. 1974)). Casa is not alleged to be in "control of both sides of the lawsuit" as occurred in *Donan,* at 861--*i.e.,* Casa does not seek to execute upon a chose in action in which Casa itself is exposed

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

to liability with the ulterior motive of eliminating that chose in action. Thus, Appellees' citation to *Donon* is inappropriate.[2]

*Fourth*, Appellees' FSIA argument—which was not raised below—is a red herring. Casa's proposal to Venezuela specifically sought approval for the proceedings supplementary to execute on the Properties. DE 276-3, A. 1471; DE 276-2, A. 1466-1467. Venezuela approved this request. DE 276-4, A. 1484; 276-5, A. 1495; 276-6, A. 1500. As explained in the Initial Brief, the pledging of the Properties in exchange for Casa to forego other collection attempts outside of the proceedings supplementary constituted "commercial activity" under section 1610 of FSIA. Initial Brief at CM/ECF 69-77; § IV, *infra*.

---

[2] The same goes for Appellees' citation to *Myd Marine Distrib., Inc.,* 201 So.3d at 846. *See* Ans. Br. CM/ECF 27. In that case, the same court that decided *Donan* held as follows: "*Donan* thus presents facts that distinguish it from this case. Unlike the judgment creditor in *Donan,* Donovan is not the defendant in the Lauderdale Marine case and is not seeking to have MYD's rights transferred to dismiss the case and obtain a windfall. On the contrary, Donovan cannot recover what it is owed unless it successfully litigates the Lauderdale Marine case. On this record, the trial court did not abuse its discretion by permitting the assignment of the lawsuit." *Myd Marine,* 201 So.3d at 846.

18

## IV. THE PROPERTIES ARE NOT IMMUNE FROM EXECUTION AND ATTACHMENT UNDER FSIA BECAUSE THEY WERE USED IN COMMERCIAL ACTIVITY.

### A. Appellees' time-of-filing logic is flawed.

Appellees cannot rely upon *TIG Ins. Co. v. Republic of Argentina*, 967 F.3d 778 (D.C. Cir. 2020) to argue that commercial use must occur prior to filing suit in order for the commercial use exception to FSIA immunity to apply.

As explained in Casa's Initial Brief, *TIG* does not address the question directly. Appellees ignore this argument entirely. Instead, Appellees attempt to take a case which addresses whether subsequent post-filing *non*-commercial use creates immunity and shoehorn it to this case, which asks the opposite question—whether FSIA exceptions apply to subsequent *commercial* use.

Appellees ask this Court to adopt a reasoning that is solely focused on the time of filing based on *TIG*. However, *TIG* expressly rejected that approach because it would encourage gamesmanship. *Id.* at 786 (noting it would "be odd to confine a district court's examination to the property's use at the exact moment when the suit was filed. That approach would again encourage gamesmanship.").

19

Appellees dismiss Casa's argument that adopting a time-of-filing rule would treat when FSIA immunity attaches—or as Appellees phrase it when FSIA jurisdiction attaches—differently than when the exceptions to that immunity attach. Appellees' reliance on *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003) is misplaced because *Dole* has nothing to do with the commercial use exception. *Dole* deals with whether a corporation is considered an agent or instrumentality of the state under 28 U.S.C. § 1603(b). Appellees use wordsmithing to infer that "instrumentality" means an object used in commerce. But "instrumentality" has no such meaning under 28 U.S.C. § 1603(b).

## B. Venezuela's actions constitute commercial activity.

Appellees argue three bases for why the District Court's decision was correct. Each is wrong.

Appellees argued that the District Court correctly held that no assignment occurred. However, Appellees ignored Casa's argument that Venezuela's approval process of claimants could not be reviewed by the District Court under the Act of State Doctrine. Appellees made no attempt to explain why the Act of State Doctrine would not apply. Relatedly, Appellees ignore the argument that merely disagreeing with

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

Casa as to whether an assignment occurred creates a factual dispute that cannot be resolved on a judgment on the pleadings.

Appellees are simply wrong in concluding that the pledging of the Properties by Venezuela in exchange for Casa utilizing proceedings supplementary in this case and foregoing other attempts to collect on its judgment does not constitute commercial activity under 28 U.S.C. § 1610(a).

Appellees rely on *Connecticut Bank of Com. v. Republic of Congo*, 309 F.3d 240 (5th Cir. 2002), which is distinguishable. That case notes that collection of revenue from a commercial transaction alone is not commercial activity under § 1610. *Id.* at 254. Here, however, Venezuela is not merely collecting revenue—it is pledging the Properties collected via supplemental proceedings in exchange for cessation of other collection methods. The Fifth Circuit, which decided *Connecticut Bank,* has held that this additional pledging of revenue to pay down debt is sufficient to constitute commercial activity under § 1610. *Af-Cap Inc. v. Republic of Congo*, 383 F.3d 361, 370-371 (5th Cir. 2004), *decision clarified on reh'g*, 389 F.3d 503 (5th Cir. 2004) (where "the Congo has used at least fifty percent of [the tax and royalty obligations] to repay commercial debt,"

Fuerst Ittleman David & Joseph
9100 South Dadeland Blvd., Suite 1610, Miami, FL 33156 T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

court concluded that the "tax and royalty obligations are used for commercial purposes of § 1610(a) of the FSIA."); *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 151 (3d Cir. 2019) (pledging of debts considered commercial activity under § 1610).

Regardless of whether any revenue is generated from the Properties, those Properties have been pledged to satisfy a debt in exchange for Casa forgoing other collection attempts. Nothing more is needed to establish commercial activity under § 1610.

## V. AS PLED, THE ACT OF STATE DOCTRINE DOES NOT BAR LITIGATION.

Appellees argue that Casa cannot raise its trustee *ex maleficio* argument on appeal and that, regardless, the Act of State Doctrine bars Casa's case. Appellees are wrong on both fronts.

The issue of whether the Act of State Doctrine applies was raised below; thus, under Eleventh Circuit precedent, Casa may raise additional argument. While this Court has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered[,]" it has explained that "there is a difference between raising new issues and making new arguments on appeal." *VFS Leasing Co. v. Markel Ins. Co.*, No. 22-13338, --F.4th--, 2024 WL 4614858, at *3 (11th

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Cir. Oct. 30, 2024) (quotations and citations omitted). "When an issue has been properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below." *Id.* (quotations omitted); *see also Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017) ("Parties can most assuredly waive positions and issues on appeal, but not individual arguments .... Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable." (citation omitted)); *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1320 (11th Cir. 2024) ("Litigants can waive or forfeit positions or issues through their litigation conduct in the district court but not authorities or arguments.").

Turning to the merits, Appellees are doubly wrong: i) the District Court need not invalidate any act of state to determine trustee *ex maleficio*; and ii) once *trustee ex maleficio* is established, the remedy is a constructive trust.

*First*, the Act of State doctrine only arises when the court must decide the validity of official action. *W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Intern.*, 493 U.S. 400, 406 (1990).

23

Appellees ignore that a finding of trustee *ex maleficio* does not invalidate the underlying transactions. Instead, it merely results in a finding that the current holders of the Properties—the Appellees—are considered trustees over the inequitably held property. *Bell v. Smith*, 32 So.2d 829, 832 (Fla. 1947); *Quinn v. Phillips*, 113 So. 419, 428 (Fla. 1927) (Whitfield, J., concurring); *Connelly v. Fla. Nat'l Bank of Jacksonville*, 120 So.2d 647, 650 (Fla. 2d DCA 1960). Appellees do not discuss any of these cases.

Appellees argue that legality of the actions of Andrade and Diaz are "central to and inextricably intertwined" with Casa's claim. This is a red herring.

Appellees ignore that both *Kirkpatrick* and *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1027 (6th Cir. 1990) have explained that the "doctrine does not 'bar[] a court … from entertaining a cause of action that … require[s] imputing to foreign officials an unlawful motivation (the obtaining of bribes) in the performance of … an official act.'" *Lamb*, 915 F.2d at 1027 (quoting *Kirkpatrick*, 493 U.S. at 401). Imputing to Andrade and Diaz an unlawful motivation would be sufficient to establish trustee *ex maleficio*. *Bell*, 32 So.2d at 824 (trustee *ex maleficio* arises where one acquires "property by fraud, misrepresentation,

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

imposition, concealment, or under any other such circumstances as render it inequitable for him to retain it."). In any event—and ignored by Appellees—the unappealed findings of the District Court are that Andrade and Diaz committed breaches of trust and that constructive trusts are appropriate as to them. DE 216, 219; A. 959-962, 975-978.

*Second*, Appellees are incorrect in asserting that unjust enrichment must be established to impose a constructive trust where trustee *ex maleficio* has been found. Where trustee *ex maleficio* is established, the remedy is constructive trust. *Bell, supra*; *Quinn, supra*; *Connelly, supra*. Appellees have cited no case where trustee *ex maleficio* has been found that has then required the parties to establish separate additional elements of constructive trust, including unjust enrichment. The finding of inequitable conduct is sufficient to establish a constructive trust. *Tillman v. Pitt Cole Co.*, 82 So. 2d 672, 674 (Fla. 1955) ("By their pleadings the appellants Tillman and DeForest are seeking to hold the appellee Cole, who was the purchaser at a foreclosure sale, a 'trustee in invitum' and to impress on the property in question a 'trust ex maleficio'. Equity will raise a constructive trust where one through fraud, abuse of confidence or other questionable means acquires property which in

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

equity and good conscience he should not be permitted to hold.")
(collecting cases).

## VI. *PEACOCK* DOES NOT BAR ANCILLARY JURISDICTION BECAUSE THE PROPERTIES ARE ALLEGED TO BE ILLEGITIMATELY HELD BY APPELLEES.

Appellees argue that because this case is not a fraudulent transfer case, the District Court lacked ancillary jurisdiction pursuant to *Peacock v. Thomas*, 516 U.S. 349 (1996). Appellees' argument misses the mark.

Appellees ignore Casa's argument that this Court's logic in *Straub*—that *Peacock* does not apply where a judgment creditor does not seek to impose liability for a judgment on a third party—is *not* limited to fraudulent transfer actions. *See Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015). Instead, Appellees spend pages explaining why this case is not a fraudulent transfer case. No one has argued that this case is a fraudulent transfer case. Instead, the argument has been that this Court has never held that *Straub's* logic was limited in application to fraudulent transfer cases.

Appellees also ignore the similarities between: i) a constructive trust action—an action in equity that seeks to establish a trust over illegitimately held assets in the hands of a third party; and ii) a fraudulent transfer action—a legal action that seeks to recover

26

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

possession of illegitimately held assets in the hands of a third party. Appellees' logic amounts to if Venezuela gave them the assets to avoid recovery, they would be illegitimately held and not subject to *Peacock*; however, where it is alleged that Appellees fraudulently procured these assets from Venezuela, such assets are not illegitimately held and no ancillary jurisdiction can exist. An argument that amounts to Appellees stole this money fair and square should be rejected by this Court.

Appellees further ignore the Third Circuit's logic in *Gambone v. Lite Rock Drywall*, 288 Fed.Appx. 9, 12-13 (3d Cir. 2008) that *Peacock* is limited to cases "demanding that a third party use its ***legitimately held assets*** to satisfy a previously rendered judgment." (emphasis added).

Put simply, Appellees put forth no argument as to why, on the one hand, Venezuelan assets alleged to be illegitimately held via fraudulent transfer can be the subject of ancillary jurisdiction, but, on the other hand, Venezuelan assets alleged to be illegitimately held and subject to a constructive trust—as in this case—cannot be the subject of ancillary jurisdiction. In either case, the assets are illegitimately held by Appellees; thus, *Peacock* would not be implicated. *Straub*, 776 F.3d at 787; *Gambone*, 288 Fed.Appx. at 12-13.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## VII.    THE DISTRICT COURT ERRED IN NOT EXTENDING THE *LIS PENDENS*.

Appellees' arguments as to why the District Court was correct in denying Casa's request for an extension to the *lis pendens* ignores Florida law and OFAC regulation.

Appellees argue that Casa waived its argument. As explained above, where the issue of whether an error occurred in denying the extension of *lis pendens* was raised below, Casa is entitled to raise new arguments as to that issue on appeal. *VFS Leasing Co.*, 2024 WL 4614858 at *3.

Appellees argue that because the "effect" of a *lis pendens* is "constraining" on the property owner, it creates an interest in the Properties. Ans. Br. at CM/ECF 63. However, this is contrary to Florida law. Appellees ignore and do not address any case cited by Casa that explains that a *lis pendens* does not create an interest in property. Appellees ignore these cases because these cases explain that "[t]he *lis pendens* mechanism is not designed to aid either side in a dispute...." *Centerstate Bank Cent. Florida, N.A. v. Krause*, 87 So.3d 25, 28 (Fla. 5th DCA 2012); *see also Dowdy v. Charter Financial Group, Inc.*, 122 F.Supp.2d 1347, 1350 (M.D. Fla. 2000) (purpose of Florida *lis pendens*

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

statute to provide notice to prospective purchasers of suit) (citing *Chiusolo v. Kennedy*, 614 So.2d 491, 492 (Fla. 1993)).

Phrased differently, Casa's suit alone does not create an interest in the Properties. It is a judgment that creates an interest. OFAC recognized this when it found that Casa's litigation—in and of itself—does not require a license to proceed because it does not *create* or *perfect* a property right. DE 257-1:3; 283:37; A. 1177-1178, 1531-1578. Where suit alone does not create an interest, notice of the suit to others—by necessity—does not create an interest. This makes sense because, when viewed through the lens of Florida law and OFAC regulation, a *lis pendens* does not create, surrender, release, convey, transfer, or alter any interest with respect to property. 31 C.F.R. § 591.310; *Centerstate Bank Cent. Florida, N.A.*, 87 So.3d at 28; *Dowdy,* 122 F.Supp.2d at 1350; *Chiusolo*, 614 So.2d at 492.

"A common idiom describes property as a 'bundle of sticks'—a collection of individual rights which, in certain combinations, constitute property." *United States v. Craft*, 535 U.S. 274, 278 (2002) (citing B. Cardozo, Paradoxes of Legal Science 129 (1928) (reprint 2000); *Dickman v. Commissioner,* 465 U.S. 330, 336 (1984)). No stick is removed from that

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

bundle by the filing of a notice of *lis pendens*. This is why Appellees and the District Court's logic that notice is barred by OFAC regulations is mistaken.

Even if the *lis pendens* could be classified as a "transfer" of property under 31 C.F.R § 591.310, 31 C.F.R. § 591.202(c) provides that the issuance of an OFAC license validates transfers that took place prior to the license's issuance. In other words, assuming the extension of a *lis pendens* constitutes a "transfer" under OFAC regulations, OFAC regulations do not prohibit the extension of a *lis pendens* where no OFAC license has been issued because that "transfer" of property can be subsequently ratified by the issuance of an OFAC license after the fact. 31 C.F.R. § 591.202(c); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-151, 2022 WL 611586, *9-12 (D. Del. March 2, 2022) (use of judicial process authorizing sale without OFAC license does not offend 591.202(e) because 591.202(c) empowers OFAC to retroactively authorize this transfer).

Appellees do not address 31 C.F.R. § 591.202(c) or *Crystallex*. Appellees do not because they cannot. Nothing in the OFAC regulations prohibits the extension of a *lis pendens*.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## CONCLUSION

Casa Express Corp. respectfully requests that this Court reverse the order of the District Court and remand with instructions to deny Gorrin and the Shell Entities' separate motions for judgment on the pleadings, and grant Casa's motion to extend *lis pendens* and cross-motion to serve Gorrin via e-mail.

Respectfully Submitted,                    Dated: December 6, 2024


By: */s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro
FL Bar #0092494
Miguel J. Chamorro
FL Bar #0025812
FUERST ITTLEMAN DAVID & JOSEPH
9100 South Dadeland Blvd., Suite 1610
Miami, FL
305.350.5690 (o)
305.371.8989 (f)
jmolinaro@fidjlaw.com
mchamorro@fidjlaw.com

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the word limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,897 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P.

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt. Century font.

*/s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro

# CERTIFICATE OF SERVICE

I certify that on December 6, 2024, a copy of the foregoing was uploaded via the Court's electronic filing system which will provide a NEF to counsel of record, and that 4 paper copies of the brief will be submitted via Fed. Ex.

*/s/ Jeffrey J. Molinaro*
Jeffrey J. Molinaro

FUERST ITTLEMAN DAVID & JOSEPH
9100 SOUTH DADELAND BLVD., SUITE 1610, MIAMI, FL 33156 T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM